BOSTON AND MAINE RAILROAD, Appellant, *v.* THE DELAWARE AND HUDSON COMPANY, Respondent.

(Argued May 27, 1935; decided July 11, 1935.)

*Robert E. Whalen* for appellant. The judgment in the 1916 action established lack of title in the Mechanicville and Fort Edward Railroad Company. (*Donahue* v. *New York Life Ins. Co.*, 259 N. Y. 98; *Roberts* v. *Baumgarten*, 110 N. Y. 380; *Rudd* v. *Cornell*, 171 N. Y. 114.) The 1916 adjudication was a judgment *in rem*, affirmative as to the Fitchburg's title to the main line; negative as to the want of title in the Mechanicville and Fort Edward

to the Stillwater Branch. (*Eisenlord* v. *Clum*, 126 N. Y. 552; *Schuylkill Fuel Corp.* v. *Neiberg Realty Corp.*, 250 N. Y. 304; *Schindler* v. *Royal Ins. Co.*, 258 N. Y. 310; *Marine Trans. Corp.* v. *Switzerland Gen. Ins. Co.*, 263 N. Y. 139; *Embury* v. *Conner*, 3 N. Y. 511; *White* v. *Coatsworth*, 6 N. Y. 137; *Clemens* v. *Clemens*, 37 N. Y. 59; *Stowell* v. *Chamberlain*, 60 N. Y. 272; *Blair* v. *Bartlett*, 75 N. Y. 150; *Webb* v. *Buckelew*, 82 N. Y. 555; *Pray* v. *Hegeman*, 98 N. Y. 351; *Griffin* v. *Long Island R. R. Co.*, 102 N. Y. 449; *Williams* v. *Barkley*, 165 N. Y. 48; *Southern Pacific R. R. Co.* v. *United States*, 168 U. S. 1.) The defendant is bound by the judgment in the 1916 action. (*Columbia Ins. Co.* v. *Mart Waterman Co.*, 11 Fed. Rep. [2d] 216; 271 U. S. 672; *Castle* v. *Noyes*, 14 N. Y. 329; *Tootle* v. *Coleman*, 107 Fed. Rep. 41; *Hauke* v. *Cooper*, 108 Fed. Rep. 922; *Souffront* v. *Compagnie Des Sucreries*, 217 U. S. 475; *Liberty Mut. Ins. Co.* v. *Colon & Co.*, 260 N. Y. 305; *Haddock* v. *Haddock*, 201 U. S. 562; *Wottrich* v. *Freeman*, 71 N. Y. 601; *Spratt* v. *Spratt*, 4 Pet. 393; *Christianson* v. *King County*, 239 U. S. 356; *Pitman* v. *Comr.*, 64 Fed. Rep. [2d] 740; *The Rio Grande*, 23 Wall. 458; *Fidelity & Deposit Co.* v. *Queens Co. Trust Co.*, 226 N. Y. 225; *Hughes* v. *Jones*, 116 N. Y. 67; *Denike* v. *N. Y. & R. Lime Co.*, 80 N. Y. 599; *Pope* v. *Heckscher*, 266 N. Y. 114.) Error was committed in holding that the judgment in the 1916 action determined only the Mechanicville and Fort Edward Railroad Company's lack of corporate existence and its incapacity to sue. (*Heavrin* v. *Lack Malleable Iron Co.*, 153 Ky. 329; *Schmidt* v. *Louisville, C. & L. R. R. Co.*, 99 Ky. 143; *Castle* v. *Noyes*, 14 N. Y. 329; *Lovejoy* v. *Murray*, 3 Wall. 1; *Plumb* v. *Goodnow*, 123 U. S. 560; *Lyon* v. *Stanford*, 42 N. J. Eq. 411; *Amburgey* v. *Adams*, 196 Ky. 646; *Roby* v. *Eggers*, 130 Ind. 415; *Parsons* v. *Urie*, 104 Md. 238; *Weld* v. *Clarke*, 209 Mass. 9; *Sparks* v. *Gallagher*, 114 Okla. 103; *Bracken* v. *Atlantic Tr. Co.*, 36 App. Div. 67; 42 App. Div. 621; 167 N. Y. 510.) The defendant

should not have been permitted to proceed to a second judgment in the dissolution action to the prejudice of the plaintiff. (*N. F. S. B. Co.* v. *Bachman*, 66 N. Y. 261; *Wickham* v. *L. V. R. R. Co.*, 85 App. Div. 182; *Knapp* v. *R. D. P. Assn.*, 235 App. Div. 436; *Matter of O'Donnell*, 240 N. Y. 99; *Crockett* v. *Morrison*, 11 Mo. 3; *Munsey* v. *Hanly*, 102 Me. 423; *Haley* v. *Miller*, 193 Ala. 482; *Hawley* v. *Bennett*, 5 Paige, 104; *Moore* v. *Hitchcock*, 4 Wend. 292; *Emery* v. *Litchard*, 137 Misc. Rep. 885.) Only through the injunctive relief which it seeks in this action can plaintiff be fully protected. (*Wright* v. *Nostrand*, 94 N. Y. 31; *Jones* v. *Blun*, 145 N. Y. 333; *Hackley* v. *Draper*, 60 N. Y. 88; *Whittlesley* v. *Delaney*, 73 N. Y. 571; *United States* v. *Throckmorton*, 98 U. S. 61; *McHenry* v. *Hazard*, 45 N. Y. 580; *Penn Coal Co.* v. *D. & H. C. Co.*, 31 N. Y. 91; *Empire Engineering Corp.* v. *Mack*, 217 N. Y. 85; *Eldridge* v. *Hill*, 2 Johns. Ch. 281; *Magee* v. *Cutler*, 43 Barb. 239; *Coykendall* v. *Hood*, 36 App. Div. 558; *Kienle* v. *Gretsch Realty Co.*, 133 App. Div. 391; *Hale* v. *Allison*, 188 U. S. 56; *Trustees of Huntington* v. *Nicoll*, 3 Johns. 566; *Town of Springport* v. *Teutonia Sav. Bank*, 75 N. Y. 397; *N. & N. B. H. Co.* v. *Arnold*, 143 N. Y. 265.)

*Charles E. Hughes, Jr., James L. Fitzgerald, Daniel P. Loomis, Frederick W. P. Lorenzen* and *Joseph Rosch* for respondent. Neither the facts alleged in the complaint nor those proved at the trial were sufficient to present any ground of equitable jurisdiction, either to avoid multiplicity of suits or otherwise. (*Brass* v. *Rathbone*, 153 N. Y. 435; *Kienle* v. *Gretsch Realty Co.*, 133 App. Div. 391; *Hapgood* v. *Hewitt*, 119 U. S. 226; *Savage* v. *Allen*, 54 N. Y. 458; *Colson* v. *Pelgram*, 259 N. Y. 370; *Jay's Case*, 6 Abb. Pr. 293; *Minor* v. *Webb*, 10 Abb. Pr. 284; *Wolfe* v. *Burke*, 56 N. Y. 115; *Pond* v. *Harwood*, 139 N. Y. 111; *Burke* v. *Burke*, 212 N. Y. 303; *Reis* v. *Graham*, 122 App. Div. 312; *West* v. *Mayor of New York*, 10

Paige, 539; *Adelson* v. *Sacred Associates Realty Corp.*, 192 App. Div. 601; *Livingston* v. *Hudson River R. R. Co.*, 3 Code Rep. 143.) Equity jurisdiction cannot be supported on the ground of avoidance of multiplicity of suits. (1 Pomeroy Equity Jurisprudence [4th ed.], § 250; *Purdy* v. *Manhattan El. Ry. Co.*, 13 N. Y. Supp. 295; *Allegany & Kinzua R. R. Co.* v. *Weidenfeld*, 5 Misc. Rep. 43; *Susquehanna S. S. Co.* v. *Andersen & Co.*, 195 App. Div. 161.) Equity jurisdiction cannot be supported on any analogy to a bill of peace. (*Bailey* v. *Briggs*, 56 N. Y. 407; *Prospect Park & Coney Island R. R. Co.* v. *Morey*, 155 App. Div. 347; *Trustees of Huntington* v. *Nicoll*, 3 Johns. 566; *Sharon* v. *Tucker*, 144 U. S. 533; *Earl of Bath* v. *Sherwin*, 4 Brown P. C. 373; *Roberts* v. *Baumgarten*, 126 N. Y. 336.) It should not be held in this action that the judgment in the 1916 action was such an adjudication of rights in the property described in the complaint as to justify an injunction. (*Plews* v. *Burrage*, 266 Fed. Rep. 347; *People* v. *O'Brien*, 111 N. Y. 1; *Ford* v. *Kansas City & I. Short Line Ry. Co.*, 52 Mo. App. 439; *St. John* v. *Fowler*, 229 N. Y. 270; *Kessler* v. *Fligel*, 240 App. Div. 232; *United States Fire Ins. Co.* v. *Adirondack P. & L. Corp.*, 206 App. Div. 584; *Schindler* v. *Royal Ins. Co.*, 258 N. Y. 310.) Injunction against the defendant is not justified on the theory that the 1916 judgment is binding upon it. (*Sturges* v. *Vanderbilt*, 73 N. Y. 384; *Bonaffe* v. *Fowler*, 7 Paige, 576; *Fish* v. *Vanderlip*, 218 N. Y. 29; *Macan* v. *Scandinavia Belting Co.*, 264 Penn. St. 384; *McAlevey* v. *Litch*, 234 Mass. 440; *Kessler* v. *Fligel*, 240 App. Div. 232.)

LEHMAN, J. The plaintiff is a railroad corporation, formed in 1919 by the consolidation of the Fitchburg Railroad Company, the Boston and Maine Railroad and six other corporations. In 1916 the Fitchburg Railroad Company and Boston and Maine Railroad were named as defendants in an ejectment action, which the Mechanic-

ville and Fort Edward Railroad Company attempted to bring against them for the purpose of obtaining possession of certain real property in Saratoga county, then occupied by the defendants so named, and the value of the use and occupation of that property. In their answer those defendants denied most of the material allegations of the complaint, and set up as affirmative defenses that the plaintiff was not a corporation and that neither the plaintiff nor any predecessor or grantor of the plaintiff was seized and possessed of the premises described in the complaint. The issues so raised were decided, after trial, in favor of the defendants and judgment was entered dismissing the complaint on the merits.

The Mechanicville and Fort Edward Railroad Company, named as the plaintiff in that ejectment suit, was incorporated in 1880. It acquired some real property and railroad franchises. It never issued any stock or held a stockholders' meeting. The directors named in its articles of association held one meeting in 1880 and another meeting in 1881. It was financed by the Delaware and Hudson Company, and, so far as it had any corporate existence, it was treated as a subsidiary and directed and controlled by that company. In 1894 notice was sent to the State Board of Railroad Commissioners that it was "defunct" and had abandoned its charter. Attempt was made to revive it in 1915. Then two of the thirteen directors, named thirty-five years earlier in the articles of association, met and, claiming to act as a majority of the surviving directors, went through the form of filling vacancies in the board of directors. The new board of directors, so chosen, assumed to adopt by-laws and to authorize the issue to the Delaware and Hudson Company of stock of the par value of $54,000 for an alleged indebtedness of that amount due to it.

The decision rendered in the ejectment action of 1916 contains findings of fact in regard to these matters. The court found, also, that the Mechanicville and Fort Edward

Railroad Company was not a corporation at the time of the commencement of the action. From these findings, conclusions of law were drawn that "the plaintiff has not the legal capacity to sue" and that the attempt made in 1915 to fill the vacancies in said board of directors and to adopt by-laws was illegal, void and futile for any corporate purpose.

Since the court had sustained the plea in abatement that the "plaintiff has not the legal capacity to sue," decision upon the merits of the other issues raised by the answer to the complaint might have been postponed till an action was brought by some person who had capacity to sue. These issues had, however, been litigated by the parties, and, perhaps for the purpose of avoiding litigation of the same issues thereafter, the court made findings and conclusions of law, also, upon such issues. In brief, the court held that the action was barred by the twenty-year Statute of Limitations; that the corporate existence of the Mechanicville and Fort Edward Railroad Company was automatically terminated by its failure to complete and operate a railroad within the period fixed by law, and that then title to real property which had been acquired by the railroad company through condemnation proceedings reverted to the original owners, and that title to some other parcels of real property included in the complaint was in the defendants named in the action.

The judgment of dismissal in the ejectment action brought in 1916 constitutes unquestionably a bar to any other ejectment action for the same property which the Mechanicville and Fort Edward Railroad Company might attempt to bring. If life and capacity to sue was not ended before the original ejectment was begun, then it has had its day in court, and opportunity to litigate its rights on the merits. If life and capacity to sue was ended, then no new action could be brought by the same dead plaintiff. Thus, in either event, the judg-

ment of dismissal is a complete defense to any attack by the same plaintiff. The question would be different if suit were thereafter brought by a person who was vested with title to the property and causes of action owned by the Mechanicville and Fort Edward Railroad Company at its death. In such a suit the question would be whether a decision on the merits has any legal effect where, in the same action, the court simultaneously decides that the plaintiff is without capacity to bring the action.

In 1929 the Delaware and Hudson Company began an action against the Mechanicville and Fort Edward Railroad Company pursuant to the provisions of section 71 of the General Corporation Law (Cons. Laws, ch. 23), which authorizes " an action to procure a judgment dissolving a corporation * * * and forfeiting its corporate rights, privileges and franchises * * * where the corporation * * * has suspended its ordinary and lawful business for at least one year." The Boston and Maine Railroad was not made a party, and is certainly not a necessary party, to that action. Its only interest in defeating the action is indirect. If the action is successful a receiver appointed therein might again bring an ejectment action against it and urge that as to him the dismissal in the earlier futile action is without binding force. To avoid such an action, Boston and Maine Railroad has twice attempted to invoke the equitable powers of the court.

In its first attempt to invoke the exercise of the equitable powers of the court, Boston and Maine Railroad was partially successful, but partial success did not, in its opinion, furnish adequate protection of its rights. At that time, judgment of dissolution of the Mechanicville and Fort Edward Railroad Company had been granted upon the default of that company in the dissolution action. Promptly the receiver, appointed in that action, brought an action in ejectment

against Boston and Maine Railroad to recover possession of some property which was the subject of the unsuccessful ejectment action of 1916, and another action for an accounting with respect to the occupancy of other property which was also the subject of that action. Then Boston and Maine brought its first action in equity to vacate and set aside the judgment, granted by default, in the dissolution action, on the ground that the judgment had been obtained by concealment of the decision in the earlier ejectment action that the corporate existence of the Mechanicville and Fort Edward Railroad Company had been terminated long before 1915, and that the Delaware and Hudson Company was not a stockholder of the railroad company. The sufficiency of the complaint in that action was sustained by the Appellate Division. (*Boston & Maine R. R.* v. *Delaware & Hudson Co.*, 238 App. Div. 191.)

We are not here concerned with that decision of the Appellate Division. The Delaware and Hudson Company acquiesced in it, and upon its *ex parte* application the judgment in the dissolution action was vacated. At the same time it sent a stipulation to the Boston and Maine Railroad, consenting to its appearance in that action " with all such rights and privileges as can be granted to any party to a litigation in a court of record." Boston and Maine Railroad was not satisfied with that stipulation and began a new action in equity against the Delaware and Hudson Company to enjoin it from further prosecuting the dissolution action and to enjoin it further from " commencing or prosecuting, or procuring or suffering to be prosecuted any action at law, suit in equity or special proceeding wherein it shall be asserted, claimed or alleged that the Mechanicville and Fort Edward Railroad Company has any right, title or interest of, in or to any part of the railroad premises " which were the subject of the original ejectment action. After trial the complaint in the second equity action was dis-

missed and Boston and Maine Railroad now appeals from the judgment of dismissal.

The complaint contains no allegations from which it can be inferred that the Delaware and Hudson Company is threatening to do any wrong to Boston and Maine Railroad, unless it be a wrong to compel a party to defend a cause of action upon which a court has already passed judgment. A suit in equity will not lie to restrain the prosecution of another action, where the relief asked for in the equity action may be obtained by a proper defense of the action sought to be enjoined. (*Savage* v. *Allen*, 54 N. Y. 458; *Colson* v. *Pelgram*, 259 N. Y. 370.) Argument, if sustained, that the judgment in the ejectment action, brought in 1916, constitutes a bar to any other action involving the same property, which might be brought by the receiver of the original plaintiff, thus would lead to the conclusion that no action in equity will lie to enjoin the bringing of the action. On the other hand, if the judgment in the prior action would not bar a new ejectment action by the receiver because in the earlier action no judgment on the merits could be rendered, then certainly a court of equity may not enjoin the commencement or prosecution of an action before a tribunal with jurisdiction to pass upon the merits.

We are told that here the Delaware and Hudson Company, though not a party to the original ejectment suit, is yet bound by the decision to the same extent as the parties to the action, because it instigated, directed and controlled that suit. We may assume, without deciding, that the Delaware and Hudson Company is so bound, for, even so, the judgment cannot be given force and effect beyond its scope. A judgment by a court which has jurisdiction of the parties and of the subject-matter of the action is binding upon the parties to the action, and, under some circumstances, also upon others; but a judgment rendered by a court without jurisdiction of the parties is not binding upon them or any other person.

Thus if the court in the original action was bound to dismiss the action, because the plaintiff named in the action had no existence, only the adjudication that there was no party in court, or indeed in being, capable of litigating the issues, would be binding on any one, and the attempted adjudication upon the merits would be futile. The prior judgment, then, cannot be asserted as an estoppel against the Delaware and Hudson Company where it could not be asserted against a successor of the original plaintiff.

To escape these conclusions, the Boston and Maine Railroad urges that in an ejectment action brought by a receiver, it cannot collaterally attack a judgment which provides for the appointment of the receiver. Therefore, it is said that the plaintiff may properly invoke the equitable powers of the court to enjoin Delaware and Hudson Company from procuring the appointment of a receiver of Mechanicville and Fort Edward Railroad Company as a preliminary to the commencement of an ejectment action, after the court, in an earlier action, decided that the life of that corporation was extinct. The argument is based upon two assumptions that are fallacious: *First*, it assumes that the judgment in the original ejectment action constitutes a conclusive adjudication that no receiver may be appointed of Mechanicville and Fort Edward Railroad Company in the dissolution action brought by Delaware and Hudson Company, and *second*, it assumes that Boston and Maine Railroad, because it is not a necessary party to the dissolution action, cannot in that action interpose a defense of prior adjudication.

After the complaint in the equity action was dismissed, Delaware and Hudson successfully prosecuted the dissolution action to judgment. In that action Boston and Maine had, by consent of Delaware and Hudson, the right to appear and urge every defense, including that of prior adjudication. For that, no decree of a court of equity was needed. In our opinion, rendered

herewith, affirming the judgment in the dissolution action, we point out the reasons why we think the judgment in the earlier ejectment action did not constitute a bar to the dissolution action. Sufficient, now, to point out again that a court of equity does not restrain the prosecution of other actions upon grounds which may be urged, in the actions sought to be restrained, to defeat such actions.

Finally, we are urged to reverse the judgment dismissing the equity action on the ground that the court of equity should take jurisdiction of all questions which may arise as to the scope and effect of the prior adjudication in the ejectment suit, in order to prevent a multiplicity of actions which might otherwise ensue. Doubtless where the equitable powers of the court have been successfully invoked on other grounds, the court may, frequently, in one action, grant complete relief which, otherwise, might be obtained only through multiplicity of actions. Here the plaintiff seeks to invoke the equitable powers of the court to prevent multiplicity of action, not as ancillary to its power to grant complete relief in a case where equity has assumed jurisdiction on other grounds, but as an independent source of jurisdiction, creating a novel equitable right of action. It is said that this action is analogous to an action to quiet title or for a bill of peace. The analogy is quite imperfect, and precedent for an action in equity to prevent a multiplicity of other suits is lacking. (1 Pomeroy on Equity Jurisprudence [4th ed.], § 250.) Here it is, indeed, doubtful whether the question of the scope and effect of the prior adjudication could not be litigated more speedily and conveniently in the threatened actions at law than in an action brought to restrain the prosecution of such actions.

The judgment should be affirmed, with costs.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment affirmed.