■ SNR HOLDINGS, INC., et al., Appellants, v ATAKA AMERICA, INC., et al., Respondents.—Order, Supreme Court, New York County, entered September 13, 1976, denying plaintiffs' motion for a preliminary injunction enjoining certain defendants from participating in bankruptcy proceedings in Newfoundland brought against Provincial Refining Company Limited and Newfoundland Refining Company Limited, unanimously affirmed, with $40 costs and disbursements of this appeal to respondents. Although Special Term in its decision incorrectly observed that the plaintiffs no longer have the legal capacity to maintain this action because a trustee in bankruptcy has been appointed for Newfoundland Refining Company Limited and Provincial Refining Company Limited (see *SNR Holdings v Ataka Amer.,* 54 AD2d 406), the remaining reasons delineated by that court for denying plaintiffs' motion for a preliminary injunction are persuasive. We are in accord with those views and further observe that "[a] suit in equity will not lie to restrain the prosecution of another action, where the relief asked for in the equity action may be obtained by a proper defense of the action sought to be enjoined" *(Boston & Maine R. R. v Delaware & Hudson Co.,* 268 NY 382, 391). This is an application of the time-honored principle that equity should only act to restrain prosecution of a prior suit where the necessity therefor is clearly established. The allegedly champertous assignment and violation of the forum selection clause were interposed as defenses in the Newfoundland proceeding. Any error claimed in that regard must be rectified in Newfoundland. Concur—Lupiano, J. P., Silverman, Markewich and Yesawich, JJ.

■ CORNELIUS C. ROSE, JR., et al., Appellants, v AVON ASSOCIATES, INC., et al., Respondents, et al., Defendants.—Order, Supreme Court, New York County, entered December 10, 1976, unanimously modified, on the law and the facts, and in the exercise of discretion, to reduce the commission to the receiver to $15,000, and otherwise affirmed, without costs and without disbursements. In view of the fact that a real estate agent and legal counsel were also involved in this matter, the commission to the receiver was excessive to the extent indicated. Concur—Kupferman, J. P., Birns, Markewich and Yesawich, JJ.