## (December 27, 1983)

■ Martin B. Biener et al., Respondents, v Incorporated Village of Thomaston, Appellant. — In an action, *inter alia,* for a declaratory judgment, defendant appeals from a judgment of the Supreme Court, Nassau County (Murphy, J.), dated November 3, 1982, which, *inter alia,* declared plaintiffs' use of the property in question to be a legal nonconforming use, and permanently enjoined defendant from prosecuting plaintiffs for their alleged illegal operation of a car wash. Judgment modified, on the law, by deleting the fourth

decretal paragraph which permanently enjoined defendant from prosecuting plaintiffs for the illegal operation of a car wash. As so modified, judgment affirmed, without costs or disbursements. The instant action involves a parcel of real property acquired by plaintiff Biener Realty, Inc. in March, 1980. Plaintiffs contend that prior to the acquisition, the property was used as an automobile service station and radiator repair shop. The Incorporated Village of Thomaston (village) contends that the prior use was a motor vehicle radiator repair shop to which broken radiators were brought after being removed from vehicles. In either event, such use became a legal nonconforming use in 1972, when the lot's zone was changed from "Business" to "Office Building". After purchasing the property, plaintiffs converted the property and building for use as an "automobile service facility * * * to provide automobile service in conjunction with plaintiffs' new car dealership as a 'new car get ready' where the final preparation, cleaning and polishing of new cars is performed just prior to delivery to the customer". The village, contending that plaintiffs' use of the property violated the village's zoning restrictions, commenced prosecution in the Thomaston Village Court. While the prosecution was pending, and before trial, plaintiffs commenced the instant action, seeking declaratory relief and an injunction against the village, enjoining it from continuing the prosecution against plaintiffs in the village court. The village contends that a property owner cannot substitute one nonconforming use for another, and that its zoning ordinance allows only for the substitution of a conforming use for a nonconforming use. Article IX (§ 1, subd [f]) of the zoning ordinance provides that "whenever a district shall hereafter be changed any then existing nonconforming use therein may be continued *or changed to a use of a similar or higher classification* provided all other regulations governing the new use are complied with" (emphasis added). This language would be unnecessary if the ordinance was intended to provide for a change only to a conforming use. The clear meaning of this section is that a property owner may change from one nonconforming use to another nonconforming use, provided the new use is in the same or a higher classification than the prior use (see *Matter of Biener v Incorporated Vil. of Thomaston,* 85 AD2d 730). Regardless of whether the prior use was as the plaintiffs or the village claim, the use was one allowed in a "Business B" district, as provided in articles VII-A and VII of the zoning ordinance. The new nonconforming use is also contained within that classification. Consequently, the new use is permitted by the Thomaston zoning ordinance. Although we thus hold that Special Term correctly declared plaintiffs' use of the property in question to be a legal nonconforming use, it does not follow that Special Term should have enjoined the village court prosecution. It is well settled that "equity should only act to restrain the prosecution of a prior suit where the necessity therefor is clearly established" (*SNR Holdings v Ataka Amer.,* 58 AD2d 547). In the instant case, plaintiffs can obtain relief by a proper defense of the action sought to be enjoined. It goes without saying that plaintiffs will have the benefit of this court's decision available to them in the village court prosecution. Consequently, equitable relief is unnecessary in this case, and the injunction was improperly granted. O'Connor, J. P., Weinstein, Bracken and Niehoff, JJ., concur.