(August 28, 1986)

■ In the Matter of 9 WHITE STREET CORP. et al., Respondents, v BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK, Appellant.—Order of the Supreme Court, New York County (Richard W. Wallach, J.), entered December 10, 1984, which granted the petition to the extent of remanding the matter to respondent-appellant Board of Standards and Appeals of the City of New York for a rehearing of petitioner's application for a zoning variance, unanimously reversed, on the law, without costs, the petition is denied and the proceeding dismissed.

Title to the subject building located at 9 White Street in the

Tribeca section of Manhattan passed to the 9 White Street Corporation on February 8, 1983. At that time the sole shareholders in the purchasing corporation were Bryan Hunt and David Salle, artists who between them intended to use four of the building's five floors of loft space for combined living and working purposes. Shares allocated to the remaining floor were to be sold by the corporation.

The lower Manhattan area in which the building is situated has been zoned as a mixed use district since 1976 (New York City Zoning Resolution [Zoning Resolution] § 111-00 *et seq.).* Although residential uses are permitted, they are limited so as not to improperly displace the industrial concerns which have traditionally occupied the area. (Zoning Resolution § 111-00 [b], [c].) Accordingly, residential use is confined to buildings with lot coverages of less than 5,000 square feet (Zoning Resolution § 111-103), and enlargement of buildings containing loft dwellings is prohibited (§ 111-111 [d]).

Notwithstanding the prohibition against enlargement of buildings containing loft dwellings, petitioners planned to put a penthouse structure atop of 9 White Street. Their remodeling plans were consequently disapproved by the New York City Department of Buildings. Thereafter, a variance permitting construction of the penthouse was sought pursuant to New York City Zoning Resolution § 72-21. The variance was denied by the Board of Standards and Appeals of the City of New York (BSA) on May 8, 1984. Review of the BSA denial was sought by petitioners, who commenced the within CPLR article 78 proceeding. Special Term granted the petition to the extent of remanding to the BSA for a rehearing. In doing so the court held in essence that the requirements of Zoning Resolution § 72-21 had been satisfied. We disagree.

Zoning Resolution § 72-21 empowers the BSA to grant variances in specific cases where unnecessary hardship or practical difficulties result from strict adherence to zoning provisions. Variances, however, may not be granted by the BSA unless it makes "each and every one" of the findings required by Zoning Resolution § 72-21 (a)-(e). The first of the findings the BSA must make is: "(a) That there are unique physical conditions, including irregularity, narrowness or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to and inherent in the particular *zoning lot;* and that, as a result of such unique physical conditions, practical difficulties or unnecessary hardship arise in complying strictly with the *use* or *bulk* provisions of the resolution; and that the alleged practical difficulties or unnec-

essary hardship are not due to circumstances created generally by the strict application of such provisions in the neighborhood or district in which the *zoning lot* is located." (Zoning Resolution § 72-21 [a].) We do not think that petitioner has shown the existence of such "unique physical conditions" as would support the BSA's grant of a variance.

It is petitioners' contention that their building is not wide enough and does not have sufficient sunlight. They point out that use of the building by artists for residential and work purposes is sanctioned by Zoning Resolution § 111-00 and that this use is impaired by the building's narrow dimensions and limited access to natural light.

Perhaps the subject building is not ideal for petitioners' purposes; it is, however, difficult to see how the cited deficiencies will be cured by addition of a 585-square-foot penthouse to serve as Mr. Hunt's living quarters. The building will not thereby be rendered wider or brighter. On the contrary, it appears that the penthouse would occupy roof space that might be used for a skylight.

At most, the proposed addition will afford Mr. Hunt additional space. Yet, the fact that more space may be desirable does not make the existing physical conditions unique and does not create a hardship or practical difficulty within the meaning of the Zoning Resolution. There is simply no showing in the record that the physical conditions prevailing on petitioners' lot are unique. Moreover, even without the penthouse, Mr. Hunt, who chose to occupy the building's first and fifth floors, will have over 7,000 square feet of space. This space is illumined by windows at the front and rear of the building and, in the case of the fifth floor, the window lighting is supplemented by a 144-square-foot skylight.

Manifestly, the space now available to Mr. Hunt is not physically unsuited to a wide range of artistic purposes. Rather, the difficulty appears to arise from Mr. Hunt's particular spatial needs. The record indicates that Mr. Hunt is a sculptor noted for his sizable works. Zoning variances, however, may not be dispensed simply to accommodate large-scale art. It is not upon the physical uniqueness of specific artwork, but upon the unique physical conditions of the lot, that the grant of a zoning variance is conditioned. As previously noted, no such conditions "inherent in the particular zoning lot" have been demonstrated and for that reason the present application must fail.

In light of the foregoing discussion we conclude that the

BSA's finding that petitioners "failed to substantiate that a practical difficulty or unnecessary hardship exists on the property" was eminently rational. The BSA's determination must, therefore, be upheld and the petition dismissed (see, Matter of Fuhst v Foley, 45 NY2d 441). Concur—Murphy, P. J., Carro, Milonas and Ellerin, JJ.