■ In the Matter of 35 BROADWAY COMPANY, Appellant, v ROGER H. BENNETT et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Standards and Appeals of the City of New York, dated October 6, 1987, which, after a hearing, denied an application of the petitioner for a use

variance, the petitioner appeals from a judgment of the Supreme Court, Kings County (Dowd, J.), dated April 26, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The subject premises is located at 35 Broadway in Brooklyn, New York, and is improved with a five-story building. The building is within an "M3-1" manufacturing zoning district, which prohibits residential uses as of right. The petitioner herein, 35 Broadway Company, sought a variance in order to allow residential use of the top three floors of this building. The Board of Standards and Appeals of the City of New York (hereinafter BSA) denied the application for the variance.

New York City Zoning Resolution (hereinafter Zoning Resolution) § 72-21 empowers the BSA to grant variances in specific cases where unnecessary hardship or practical difficulties result from strict adherence to zoning provisions (see, Matter of 9 White St. Corp. v Board of Stds. & Appeals, 122 AD2d 742). Variances, however, may not be granted by the BSA unless it makes each and every one of the findings enumerated in Zoning Resolution § 72-21 (see, Matter of 9 White St. Corp. v Board of Stds. & Appeals, supra; Matter of Galin v Board of Estimate, 72 AD2d 114, affd 52 NY2d 869). In the instant matter, a review of the record reveals that the BSA properly declined to make such findings in favor of the petitioner. Initially, the petitioner did not meet its burden of demonstrating, by dollars and cents proof, an inability to realize a reasonable return if the property in question were used for a conforming purpose (see, Zoning Resolution § 72-21 [b]; Matter of Village Bd. v Jarrold, 53 NY2d 254; Matter of Crossroads Recreation v Broz, 4 NY2d 39). Instead, the proof submitted by the petitioner established only that with the use variance the property might yield a higher return (see, Matter of Governale v Board of Appeals, 121 AD2d 539; Matter of Lo Guidice v Wallace, 118 AD2d 913).

Moreover, we agree that the evidence before the BSA did not support a finding under Zoning Resolution § 72-21 (c) of the zoning ordinance, i.e., that the variance, if granted, would not be detrimental to the public welfare.

In light of the foregoing, we conclude that the determination of the BSA was based upon substantial evidence, and the proceeding was properly dismissed. Brown, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.