■ In the Matter of FILOMENA PETRUZZELLI, Appellant, v

ZONING BOARD OF APPEALS OF THE VILLAGE OF DOBBS FERRY, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Village of Dobbs Ferry dated June 15, 1989, which, after a hearing, denied the petitioner's application for use and area variances, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Cowhey, J.), dated March 21, 1990, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On January 20, 1989, the petitioner, Filomena Petruzzelli, applied to the respondent Zoning Board of Appeals of the Village of Dobbs Ferry for a use variance which would permit the construction of a two-family home on a lot zoned for a one-family home. Additionally, the petitioner sought an area variance which would provide for a reduction in the minimum frontage size from 50 feet to 40 feet. The Board denied the application, concluding, *inter alia,* that the petitioner had failed to demonstrate the requisite unnecessary hardship to entitle her to a use variance to utilize the subject property for a two-family home. The petitioner commenced this proceeding to challenge the Board's determination. The Supreme Court dismissed the proceeding, finding that the denial of the variance application was a valid exercise of the Board's authority and was based upon substantial evidence in the record. We agree.

The law is well settled that local zoning boards have discretion in considering applications for variances and that judicial review is limited *(Matter of Fuhst v Foley,* 45 NY2d 441). The zoning board's determination will be sustained if it has a rational basis and is supported by substantial evidence *(Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, *affd* 67 NY2d 702). "It matters not whether, in close cases, a court would have, or should have, decided the matter differently. The judicial responsibility is to review zoning decisions but not, absent proof of arbitrary and unreasonable action, to make them" *(Matter of Cowan v Kern,* 41 NY2d 591, 599). In this case, we find that the record supports the Board's determination. The petitioner claims that she could not obtain a reasonable return on the subject property unless she were permitted to build a two-family home upon it. The petitioner submitted documentary evidence to the Board in support of this allegation. The Board, however, could properly determine that a reasonable rate of return on the petitioner's property would be a dollar amount less than that determined by the petitioner *(see, Matter of Collins v Carusone,* 126 AD2d 847).

Significantly, "[l]ocal officials, generally, possess the familiarity with local conditions necessary to make the often sensitive planning decisions which affect the development of their community. Absent arbitrariness, it is for locally selected and locally responsible officials to determine where the public interest in zoning lies" *(Matter of Cowan v Kern, supra,* at 599). Additionally, the fact that the requested use may be more profitable does not support a finding that the petitioner cannot realize a reasonable return on her investment *(see, Matter of 35 Broadway Co. v Bennett,* 161 AD2d 767). Thompson, J. P., Harwood, Rosenblatt and Ritter, JJ., concur.