■ In the Matter of MILTOPE CORPORATION et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF HUNTINGTON, Respondent, and AMELIA GUIDI, Intervenor-Respondent.— In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington dated December 15, 1988, which, after a hearing, granted the intervenor-respondent a use variance, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Cannavo, J.), entered March 13, 1990, which denied the petition and dismissed the proceeding.

Ordered that judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination granting the intervenor a use variance is annulled, and the application is denied.

The intervenor sought a use variance to construct a delicatessen in a I-1 Light Industry Zone in the Town of Huntington. A use variance may be granted upon proof of "unnecessary hardship". To establish such "unnecessary hardship," the record must show that (1) the land in question cannot yield a

reasonable return if used only for a purpose allowed in that zone, (2) the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself, and (3) the use to be authorized by the variance will not alter the essential character of the locality *(see, Matter of Village Bd. v Jarrold,* 53 NY2d 254; *Matter of Crossroads Recreation v Broz,* 4 NY2d 39; *Matter of Otto v Steinhilber,* 282 NY 71).

While we are satisfied that there was substantial evidence before the Board to satisfy the second and third criteria, there was not substantial evidence before the Board to satisfy the first criteria. It is now well recognized by the courts of this State that in order to show that the land in question cannot yield a reasonable rate of return, an applicant must show proof "in dollars and cents form" which demonstrates that no permissible use will yield a reasonable return, and that conclusory testimony of witnesses, unsupplemented by such proof, is insufficient *(see, Matter of Village Bd. v Jarrold, supra,* at 257; *Matter of Crossroads Recreation v Broz, supra; Matter of Pica v Bennett,* 164 AD2d 859; *Matter of 35 Broadway Co. v Bennett,* 161 AD2d 767; *Matter of Town Bd. v Zoning Bd. of Appeals,* 161 AD2d 647).

The only proof submitted by the intervenor on this issue was that of the seller that the subject premises would not sell as zoned, and a conclusory opinion of a real estate expert that any permitted uses would not be economically feasible. No evidence was submitted as to such items as the purchase price of the premises, the present value of the property, the real estate taxes, the amount of any mortgages or liens, the asking price while it was for sale, the costs of demolishing the old structure and erecting a new one, the costs of obtaining the necessary area variances in order to comply with the I-1 Zone, and the projected income from the proposed use. Thus, there could not have been any rational basis upon which the Board could have concluded that the premises would not yield a reasonable return without a use variance. Rosenblatt, J. P., Eiber, O'Brien and Ritter, JJ., concur.