■ In the Matter of BOARD OF COMMISSIONERS OF GREAT NECK PARK DISTRICT, Respondent, v BOARD OF ZONING AND APPEALS OF TOWN OF NORTH HEMPSTEAD, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning and Appeals of the Town of North Hempstead, dated April 11, 1990, which granted an application for a use variance, the Board of Zoning and Appeals of the Town of North Hempstead appeals from a judgment of the Supreme Court, Nassau County (Burke, J.), dated October 10, 1990, which granted the petition and annulled the determination.

Ordered that the judgment is affirmed, without costs or disbursements.

Contrary to the appellant's contention, we find that the proposed conversion of a retail store to a Chinese food take-out restaurant constituted a change of a nonconforming use for which a variance was required under the town's zoning ordinance (see, North Hempstead Code § 70-208; Town of Somerset v Perry, 115 AD2d 313, affd 67 NY2d 1014; City of Buffalo v Roadway Tr. Co., 303 NY 453; cf., Biener v Incorporated Vil. of Thomaston, 98 AD2d 785).

We further reject the appellant's contention that it properly granted the applicant a use variance permitting the store to be converted to a take-out restaurant. Although a use variance may be granted upon proof of "unnecessary hardship", in order to establish such hardship the record must show, inter alia, that the land in question cannot yield a reasonable return if used only for a purpose allowed in the zone in which it is situated (see, Matter of Village Bd. v Jarrold, 53 NY2d 254; Matter of Crossroads Recreation v Broz, 4 NY2d 39). Moreover, "[i]t is now well recognized by the courts of this State that in order to show that the land in question cannot yield a reasonable rate of return, an applicant must show proof 'in dollars and cents form' which demonstrates that no

permissible use will yield a reasonable rate of return, and that conclusory testimony of witnesses, unsupplemented by such proof, is insufficient" *(Matter of Miltope Corp. v Zoning Bd. of Appeals,* 184 AD2d 565, 566; *Matter of D'Alessandro v Board of Zoning & Appeals,* 177 AD2d 694; *Matter of Town Bd. v Zoning Bd. of Appeals,* 161 AD2d 647). Since the record here is devoid of any evidence "in dollars and cents form" of the applicant's inability to realize a reasonable return under existing permissible uses, there is no rational basis for the appellant's finding that the premises would not yield a reasonable return absent the grant of a use variance. Accordingly, we find that the Supreme Court properly granted the petition and annulled the appellant's determination. Mangano, P. J., Thompson, Eiber and Ritter, JJ., concur.