■ In the Matter of PARK HILL RESIDENTS' ASSOCIATION, INC., Petitioner, v JOSEPH CIANCIULLI et al., Respondents. [651 NYS2d 159] —Proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the City of Yonkers, dated June 29, 1995, which, after a hearing, granted a use variance to the respondent Roger Nehme.

Adjudged that the petition is granted, on the law, without costs or disbursements, and the determination is annulled.

The petitioner challenges the granting of a use variance to the respondent Roger Nehme by the respondent Zoning Board of Appeals of the City of Yonkers (hereinafter the Zoning Board). We agree that the variance was improperly granted.

A use variance may be granted upon a showing of unnecessary hardship (*see,* General City Law § 81-b [3]). To establish unnecessary hardship the applicant must demonstrate, *inter alia,* for each and every use permitted under the zoning regulations, that the property in question cannot yield a reasonable return. Such a showing must be based on competent financial evidence "in dollars and cents form" (*Matter of Village Bd. v Jarrold,* 53 NY2d 254, 257; *Matter of Board of Commrs. v Board of Zoning & Appeals,* 188 AD2d 464; *Matter of Miltope Corp. v Zoning Bd. of Appeals,* 184 AD2d 565, 566). The applicant here failed to show unnecessary hardship. In granting the variance the Zoning Board improperly relied upon conclusory statements illustrating, at best, the difficulties with the property. As the record was devoid of any evidence in dollars and cents form of the respondent Nehme's inability to realize a reasonable return under the existing permissible uses, there was no rational basis for the Zoning Board's finding that the premises would not yield a reasonable return without the use variance. The variance was improperly granted, and the Zoning Board's determination must be annulled. Bracken, J. P., Copertino, Joy and Altman, JJ., concur.