■ Quinta Doroteia, Ltd., et al., Appellants-Respondents, v John M. Wagner, Individually and as Trustee of the Unified Credit Trust Under the Will of Mathias Wagner, Respondent-Appellant, et al., Defendants. [676 NYS2d 653] —In an action, *inter alia*, to permanently enjoin the defendants from interfering with an easement, the plaintiffs appeal from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Cannavo, J.), dated September 19, 1996, as denied those branches of their motion which were to dismiss the second, third, fourth, fifth, and seventh affirmative defenses and the fourth, fifth, sixth, and seventh counterclaims asserted in the amended answer and granted that branch of the cross motion of the defendant John Matthew Wagner which was for partial summary judgment dismissing the complaint, and the defendant John Matthew Wagner cross-appeals from so much

of the same order and judgment (one paper) as granted those branches of the plaintiffs' motion which were to dismiss the first, second, and third counterclaims and purported to dismiss the eighth counterclaim asserted in his amended answer.

Ordered that the order and judgment is modified by (1) deleting the provision thereof denying those branches of the plaintiffs' motion which were to dismiss the fourth, fifth, and sixth counterclaims asserted in the amended answer and substituting therefor a provision granting those branches of the plaintiffs' motion, and (2) deleting the provision thereof which purported to dismiss the eighth counterclaim asserted in the amended answer; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

We agree with the Supreme Court that the plaintiffs' action is meritless. We also agree with the dismissal of the first, second, and third counterclaims, which seek compensatory and punitive damages. Those three counterclaims represent a clear effort to avoid the general prohibition against retaliatory lawsuits predicated on the allegedly malicious institution of prior civil actions (*see, Curiano v Suozzi*, 63 NY2d 113, 118). Also, those three counterclaims are in large part based on a course of conduct which antedated the interposition of the counterclaims by more than the applicable prescriptive period (*see, e.g., Della Villa v Constantino*, 246 AD2d 867; *Sova v Glasier*, 192 AD2d 1069; *Weissman v Weissman*, 108 AD2d 853). The more recent conduct alleged in support of those three counterclaims, with respect to which no Statute of Limitations bar exists, is not, in our view, sufficient to give rise to a cause of action to recover damages based on prima facie tort, or on any other theory.

The Supreme Court properly denied that branch of the plaintiffs' motion which was to dismiss the seventh counterclaim. The defendant adequately pleaded special damages and may thus seek to remedy the alleged zoning code violations (*see, Allen Avionics v Universal Broadcasting Corp.*, 118 AD2d 527, 528, *affd* 69 NY2d 406).

We disagree, however, with the denial of those branches of the plaintiffs' motion which were to dismiss the fourth, fifth, and sixth counterclaims. The fourth and the fifth counterclaims seek to enjoin the plaintiffs from engaging in certain future litigation. The general rule is that " '[a] suit in equity will not lie to restrain the prosecution of another action, where the relief asked for the equity action may be obtained by a proper defense of the action sought to be enjoined' " (*SNR Holdings v Ataka*

*Am.*, 58 AD2d 547, quoting *Boston & Me. R. R. v Delaware & Hudson Co.*, 268 NY 382, 391; *see also, Biener v Incorporated Vil. of Thomaston*, 98 AD2d 785). The sixth counterclaim seeks to enjoin the plaintiffs from "intimidating" the surveyors hired by the defendant. In our opinion, the defendant has failed to state any cause of action in connection with these counterclaims (*see*, CPLR 3211 [a] [7]).

The plaintiffs did not move to dismiss the eighth counterclaim, and the Supreme Court's order and judgment is ambiguous with respect to it. We therefore vacate so much of the order and judgment as purports to dismiss that counterclaim, as such relief is not warranted where none of the parties moved for summary judgment as to that counterclaim (*see, Yonkers Racing Corp. v Catskill Regional Off-Track Betting Corp.*, 159 AD2d 615), and accordingly, this Court may not search the record pursuant to CPLR 3212 (b) (*see, Dunham v Hilco Constr. Co.*, 89 NY2d 425). Bracken, J. P., Copertino, Joy and McGinity, JJ., concur.