■ In the Matter of STANLEY KOLT et al., Appellants, v ZONING BOARD OF APPEALS OF THE CITY OF NEWBURGH, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the City of Newburgh, dated September 28, 1988, which, after a hearing, found that a variance issued to the petitioners in July of 1983 allowing them to conduct manufacturing on

certain premises had lapsed, the petitioners appeal from a judgment of the Supreme Court, Orange County (West, J.), dated February 10, 1989, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

We first note that it was proper for the Supreme Court to dispose of this matter on the merits as this was a review of a decision of a board of appeals of a city (see, General City Law § 82 [1] [c]). The Supreme Court correctly found that although the petition was worded as if it were in the nature of mandamus, it was in actuality in the nature of certiorari seeking a review of the respondent's determination after a hearing. This being the case, our review is limited to whether the respondent's determination was supported by substantial evidence (see, Matter of Fuhst v Foley, 45 NY2d 441; Human Dev. Servs. v Zoning Bd. of Appeals, 110 AD2d 135). We further agree with the Supreme Court that there was substantial evidence that the petitioners' variance had lapsed. Pursuant to Code of Ordinances of the City of Newburgh § 300-23 (F), if work has not been "commenced and diligently prosecuted within one (1) year" after the granting of the variance, then the variance shall become null and void. Here, the petitioners did not commence manufacturing in the building within a year after the issuance of the variance. There was testimony from a resident in the area that there was no manufacturing activity at the premises dating back to 1983, evidence that a building violation existed and that the assessor's office had indicated that the building was vacant, and testimony that the petitioner Engel had told the building inspector that no manufacturing had occurred on the site. Since substantial evidence was presented that the petitioners did not commence manufacturing in the building within a year after the issuance of the variance, the Supreme Court properly dismissed the proceeding. Kunzeman, J. P., Kooper, Sullivan and Miller, JJ., concur.