■ In the Matter of MICHELE D'ALESSANDRO et al., Appel-

lants, v BOARD OF ZONING AND APPEALS FOR THE VILLAGE OF WESTBURY, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Zoning and Appeals for the Village of Westbury dated May 9, 1989, which denied the petitioners' application for a use variance, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Christ, J.), entered April 20, 1990, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

We find the record devoid of any proof "in dollars and cents form" of the petitioners' inability to realize a reasonable return under existing permissible uses (see, Matter of Village Bd. v Jarrold, 53 NY2d 254, 257). Therefore, the petitioners have failed to demonstrate the requisite unnecessary hardship to entitle them to a use variance to utilize the subject premises as a two-family dwelling (see, Matter of Village Bd. v Jarrold, supra; Matter of Otto v Steinhilber, 282 NY 71).

Additionally, the petitioners derive no rights from a temporary variance which was issued to a prior owner of the subject premises in 1941. Although the Board impermissibly conditioned that variance on the continued occupancy of the premises by the prior owner (see, Matter of Dexter v Town Bd., 36 NY2d 102, 105; Matter of St. Onge v Donovan, 71 NY2d 507), the variance expired after two years pursuant to its terms and was not renewed (see, Matter of St. Onge v Donovan, supra, at 520; 2 Anderson, New York Zoning Law and Practice § 23.53 [3d ed]). Furthermore, the petitioners' reliance on a building permit issued pursuant to the 1941 variance, which does not refer to the temporary nature of the variance, cannot be regarded as in good faith. Insofar as the permit conflicted with the pertinent zoning provision, the petitioners were under a duty to exercise reasonable diligence to ascertain the facts underlying its issuance (see, Matter of Parkview Assocs. v City of New York, 71 NY2d 274; cf., Matter of Jayne Estates v Raynor, 22 NY2d 417).

Finally, although the record is sparse in this regard, issuance of the 1941 variance was apparently premised on a finding of financial hardship on the part of the prior owner, and, therefore, the Board's denial of the petitioners' application did not constitute "a different result on essentially the same facts" (Matter of Field Delivery Serv. [Roberts], 66 NY2d 516, 517; see also, Knight v Amelkin, 68 NY2d 975). Thompson, J. P., Harwood, Lawrence and Miller, JJ., concur.