■ In the Matter of DILETTA MECCA, Appellant, v ROY M. KERN et al., Respondents. [597 NYS2d 728] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Smithtown, dated

October 18, 1988, which, after a hearing, denied the petitioner's application for area variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Brown, J.), dated March 20, 1991, which confirmed the determination and dismissed the petition. The petitioner's notice of appeal from a decision dated January 10, 1991, is deemed to be a premature notice of appeal from the judgment *(see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

The petitioner claims that the Board of Zoning Appeals of the Town of Smithtown arbitrarily and unreasonably rejected her claim that the subject property was "single and separate", thereby entitling her to the variances as of right. We disagree.

The petitioner's predecessor in title, Electra Miller, acquired the subject property in 1971. Miller's husband owned an adjacent parcel and upon his death Miller was appointed executrix of his estate. Thereafter, Miller conveyed title of the adjacent parcel to herself, and 20 months later she conveyed title of the adjacent parcel to a neighboring landowner.

Although a merger is generally not effected merely because adjoining parcels come into common ownership, an ordinance can provide to the contrary *(see, Matter of Barkus v Kern,* 160 AD2d 694, 695; *see also, Matter of Allen v Adami,* 39 NY2d 275, 277-278). Zoning Code of the Town of Smithtown 322-74 (D) (1) (2) provides that: "A nonconforming lot may be used, or a building or structure may be erected on such lot for use in accordance with all other applicable provisions of this chapter upon approval of the Board of Appeals, provided that at all times subsequent to the effective date of any ordinance making such lot nonconforming, such lot has been separately owned in good faith and: (1) *Does not or did not adjoin any lot or land in the same ownership;* and (2) Does not or did not adjoin any lot under the same practical or effective ownership, whether or not the incidents of title are or were the same" (emphasis supplied). Since there was a merger within the meaning of the Zoning Ordinance Town of Smithtown, the denial of the variance was neither illegal, arbitrary, nor an abuse of discretion. Miller, J. P., O'Brien, Copertino and Joy, JJ., concur.