■ In the Matter of FRANZ HOLTHAUS, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF KENT et al., Respondents. [619 NYS2d 160] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Kent, dated September 18, 1992, which, *inter alia,* denied the petitioner's application that it "affirm and acknowledge" an area variance previously granted to the petitioner's predecessor in title concerning the subject premises, the petitioner appeals from a judgment of the Supreme Court, Putnam County (Hickman, J.), dated March 19, 1993, which denied the petition.

Ordered that the judgment is reversed, on the law, without

costs or disbursements, the petition is granted, the determination is annulled, and it is declared that the variance granted in 1970 remains in full force and effect.

By deed dated January 31, 1991, the petitioner obtained a .523-acre parcel of unimproved real property in the Town of Kent. In the instant proceeding the petitioner seeks to compel the respondent Zoning Board of Appeals of the Town of Kent (hereinafter the Board) "to reaffirm and acknowledge" that an area variance from the one-acre zoning area requirement granted in 1970, allegedly to a prior owner of the property in question, runs with the land, and is still valid, even though the property is now owned by the petitioner. He contends that the 1970 variance retains its efficacy and thus entitles him to a building permit as of right, notwithstanding that the zoning ordinance was subsequently amended to impose a two-acre-lot area zoning requirement. The Board denied the application, finding that the 1970 variance had lapsed due to non-use pursuant to Town of Kent Code § 77-57B (6). The Supreme Court credited this rationale, and found that the petitioner's application was properly denied. We now reverse and grant the petition.

By its express terms, Town of Kent Code § 77-57B (6) provides for the expiration of "lot-line setback variances for front, rear and side yards" where construction has not commenced within 12 months after the granting of the variance. A zoning board may grant a limited variance which will lapse if not acted upon within a specified time *(see, Matter of Douglaston Civic Assn. v Board of Stds. & Appeals,* 278 App Div 659, *affd* 302 NY 920; *see also, Matter of D'Alessandro v Board of Zoning & Appeals,* 177 AD2d 694; *Matter of Kolt v Zoning Bd. of Appeals,* 159 AD2d 625; *Aldendell Co. v Dilorenzo,* 144 AD2d 608). The conditions upon which a variance may lapse must be related to the property itself and may not be conditioned upon continued ownership by the grantee *(see, Matter of St. Onge v Donovan,* 71 NY2d 507). Furthermore, where a temporary variance is issued to a prior owner and has lapsed, a new owner is not automatically entitled to a renewal thereof, but rather must demonstrate his own circumstances entitling him to a variance *(Matter of D'Alessandro v Board of Zoning & Appeals,* 177 AD2d 694, *supra).*

However, the variance granted in this case in 1970 contained no durational limitation, and the cited section of the Town Code did not authorize a durational limitation over this kind of total lot-size area variance. Absent an effective durational limitation, a variance runs with the land and it re-

mains effective until it is properly revoked *(see,* 2 Anderson, New York Zoning Law and Prac § 23.53 [3d ed]; *see also,* 3 Rathkopf, Law of Zoning and Planning § 38.07 [2], at 78 [4th ed]). Therefore, since the variance granted in 1970 was never properly revoked nor limited in its durational viability, the Board acted in an arbitrary and capricious manner when it determined that the variance had lapsed. Miller, J. P., O'Brien, Joy and Krausman, JJ., concur.