■ In the Matter of ELWOOD PROPERTIES, INC., Appellant, v ROGER H. BOHRER et al., Respondents. [628 NYS2d 799] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Huntington, dated March 12, 1992, which denied the petitioner's application, *inter alia,* for a use variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Mullen, J.), dated April 12, 1993, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

The petitioner is the contract-vendee of an approximately 12-acre unimproved parcel located in a residential zoning district of the Town of Huntington. Pursuant to the zoning ordinance, nursing homes are a permitted use in the zoning district in question, subject to compliance with certain conditions set forth therein *(see,* Huntington Town Code § 198-68 [A] [10]). In 1983, a prior owner of the property had obtained a use variance to construct a nursing home when the respondent Zoning Board of Appeals had determined that the parcel did not meet the conditions necessary for the granting of a special use permit.

Although the current owner, Eger Lutheran Home, took title to the property by deed dated February 13, 1986, no work was commenced on the nursing home. Both the use variance and the building permit issued under authority of the use variance expired sometime prior to December 1, 1988. Over a year later, Eger Lutheran Home contracted to sell the parcel to the petitioner subject to the issuance of all permits necessary to construct a nursing home. Following a public hearing, the respondent denied the petitioner's application for a special use permit and/or a use variance.

Since no evidence was presented at the hearing in support of a finding that the parcel has frontage on a "major collector

street" as required by Town of Huntington Code § 198-68 (A) (10), it is clear that the respondent properly denied the petitioner's application for a special use permit *(see, Matter of Wegmans Enters. v Lansing,* 72 NY2d 1000; *Roginski v Rose,* 63 NY2d 735; *Matter of Cappadoro Land Dev. Corp. v Amelkin,* 78 AD2d 696).

With respect to the respondent's denial of a use variance, we start with the observation that it is well established that local zoning boards have substantial discretion in considering applications for variances and that judicial review is limited to determining whether the board's action is illegal, arbitrary, or an abuse of discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309; *Matter of Larson v Fernan,* 202 AD2d 505). Moreover, the zoning board's determination will ordinarily be upheld if the determination has a rational basis and is supported by the record *(see, Matter of Fuhst v Foley, supra,* at 444).

Where a use variance is sought, the applicant must show unnecessary hardship *(Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598, 607). " 'Before the Board may exercise its discretion and grant a variance upon the ground of unnecessary hardship, the record must show that (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality' " *(Matter of Village Bd. v Jarrold,* 53 NY2d 254, 257, quoting from *Matter of Otto v Steinhilber,* 282 NY 71, 76; *Matter of Governale v Board of Appeals,* 121 AD2d 539).

Here, the record supports the respondents' determination that the petitioner failed to make the necessary showing of unnecessary hardship. The petitioner's evidence of an inability to realize a reasonable return under existing permissible uses was inconclusive. Indeed, there was evidence that the present value of the site, as zoned, was approximately $1,000,000 and that the site could be developed with 9 single-family homes which would probably sell for approximately $240,000 each. A use variance need not be granted merely because the zoning ordinance proscribes the most profitable use of the land or because the use with the variance will yield a higher return *(see, Matter of Town Bd. v Zoning Bd. of Appeals,* 161 AD2d 647). The courts are not required " 'to guarantee the investments of careless land buyers' " *(Matter of Kingsley v Bennett,* 185 AD2d 814, 816).

Moreover, as of the time of the petition, the hardship alleged was due more to the general conditions existing in the area than to any unique circumstances *(see, Matter of Douglaston Civic Assn. v Klein,* 51 NY2d 963). Further, in view of the continuing residential building activity in the area, it is clear that the use sought to be authorized by the variance would alter the essential character of the neighborhood.

The fact that a use variance had been granted in 1983 did not obligate the respondent to grant another variance in 1992 *(see, Knight v Amelkin,* 150 AD2d 528). Since the prior use variance had expired, the petitioner was not automatically entitled to a renewal thereof but, rather, had to demonstrate its own circumstances entitling it to a variance *(see, Matter of Holthaus v Zoning Bd. of Appeals,* 209 AD2d 698; *Matter of D'Alessandro v Board of Zoning & Appeals,* 177 AD2d 694).

There is evidence in the record to show that conditions had indeed changed since 1983. For instance, any uniqueness about the property that might have been present in 1983 was no longer present, residential development of the area had increased, and traffic in the area had also greatly increased. When viewed in the light of changing conditions and circumstances, the respondents' denial of the petitioner's application appears to be neither illegal or arbitrary, nor an abuse of discretion. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.