◼ In the Matter of LUIGI DePAOLA, Appellant, v ZONING BOARD OF APPEALS OF VILLAGE OF DOBBS FERRY et al., Respondents. [640 NYS2d 230] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Dobbs Ferry, dated March 10, 1993, which, after a hearing, found that the use of a basement apartment was not a legal nonconforming use and denied the petitioner's applications for a special permit and a use vari-

ance, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Lange, J.), entered December 7, 1994, which dismissed the petition. The appeal brings up for review so much of an order of the same court, entered March 28, 1995, as, upon reargument, adhered to the original determination (*see,* CPLR 5517 [b]).

Ordered that the appeal from the judgment is dismissed, as that judgment was superseded by the order, made upon reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

In 1973 the petitioner purchased a multifamily residence containing seven apartments. It is undisputed that six of the seven apartments in this multifamily residence constituted a preexisting nonconforming use. However, at issue is whether a seventh apartment, located in the basement, was a part of that preexisting nonconforming use. We conclude that it was not.

In order to annul an administrative determination made after a hearing, the court must conclude that the determination is not supported by substantial evidence on the record when read as a whole (*see, Matter of Lahey v Kelly,* 71 NY2d 135). The issue of whether the basement apartment was in use prior to the petitioner's acquisition of the building was raised at the Zoning Board of Appeals hearing and in the petition. While the Supreme Court did not address this issue, we find that the Zoning Board's determination was supported by substantial evidence and that the petitioner failed to establish the continued existence of the nonconforming use during the time between the enactment of the zoning ordinance and his purchase of the subject property.

Village Law § 7-712-b (2) (b) provides as follows: "No * * * use variance shall be granted by a board of appeals without a showing by the applicant that applicable zoning regulations and restrictions have caused unnecessary hardship. In order to prove such unnecessary hardship the applicant shall demonstrate to the board of appeals that for each and every permitted use under the zoning regulations for the particular district where the property is located, (1) the applicant cannot realize a reasonable return, provided that lack of return is substantial as demonstrated by competent financial evidence; (2) that the alleged hardship relating to the property in question is unique, and does not apply to a substantial portion of the district or neighborhood; (3) that the requested use variance, if granted, will not alter the essential character of the neighborhood; and

(4) that the alleged hardship has not been self-created". (*See also, Matter of Village Bd. v Jarrold,* 53 NY2d 254, 257; *Matter of Otto v Steinhilber,* 282 NY 71, 76.) Where a use variance is sought, the applicant must show unnecessary hardship (*see, Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598, 607; *Matter of Elwood Props. v Bohrer,* 216 AD2d 562). It is well established that local zoning boards have substantial discretion in considering applications for use variances (*see, Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Elwood Props. v Bohrer, supra*). We find that the determination denying a use variance for the basement apartment was supported by substantial evidence and was not otherwise arbitrary or capricious.

The petitioner submitted a financial statement reflecting a net gain on the rental of the apartments contained in his building and argued that the loss of the rent from the basement apartment would cause him to suffer a net loss. However, the financial statement submitted only covered the period of one year. There is no evidence that several of the claimed expenses would be recurring. Additionally, the petitioner was able to satisfy a portion of his debt service on the property from the gross rental revenue, constituting unrealized income. Accordingly, we find that the petitioner failed to establish that the denial of the use variance would create an unnecessary hardship (*see, Matter of Consolidated Edison Co. v Hoffman, supra; Matter of Elwood Props. v Bohrer, supra*).

The petitioner's remaining contentions are without merit. Mangano, P. J., Miller, Ritter and Hart, JJ., concur.