■ RICHARD NYE, Respondent-Appellant, v WILLIAM H. MANN, Appellant-Respondent, et al., Defendant. [658 NYS2d 360] —In an action, *inter alia,* to recover a down payment on a contract for the sale of real property, (1) the defendant, William H. Mann, appeals from so much of an order of the Supreme Court, Suffolk County (Kitson, J.), entered February 22, 1996, as denied his cross motion for summary judgment on his counterclaims and for dismissal of the complaint insofar as asserted against him, and (2) the plaintiff cross-appeals from so much of the same order as denied his motion for partial summary judgment on the first cause of action asserted in the complaint and to dismiss the defendant Mann's counterclaims.

Ordered that the order is reversed insofar as cross-appealed from, the plaintiff's motion for partial summary judgment on the first cause of action asserted in the complaint and to dismiss the defendant Mann's counterclaims is granted; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendant, Walter, Conston, Alexander & Green, P. C., is directed to deliver to the plaintiff the funds constituting the down payment which the plaintiff deposited into an escrow account held by it in accordance with the terms of the contract of sale; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Helen G. Mann owned certain real property located in the Town of East Hampton. During her lifetime, Helen G. Mann applied to the Town of East Hampton Planning Board for permission to subdivide her property into three lots. By subdivision waiver resolution dated December 21, 1983, Helen G. Mann was granted permission to subdivide the property conditioned upon, *inter alia,* moving certain accessory buildings to another part of the property in order to comply with the local zoning setbacks, unless variances for these buildings were obtained from the Zoning Board of Appeals. The resolution also contained the following pertinent language: "BE IT FURTHER RESOLVED, if the conditions of this waiver have not been met and the parcels placed in single and separate owner-

ship within one year from the date of this resolution, unless such period be extended by further resolution of this Board, then the waiver granted herein shall become void and of no effect. No lot shall be sold and no building permit may be issued until the conditions [including the condition requiring either the removal of the accessory buildings or the grant of a variance for these buildings] have been complied with."

Helen G. Mann subsequently conveyed two portions of her property to relatives, and retained the third lot for herself. This third lot contained the accessory buildings which lacked the proper zoning setbacks. Helen G. Mann died without complying with the condition in the subdivision waiver resolution concerning the accessory buildings. In 1993 William H. Mann, as the executor of the estate of the deceased, Helen G. Mann, contracted to sell the third lot, which had been retained by Helen G. Mann during her lifetime, to the plaintiff. Among the pertinent provisions of this contract, paragraph 39 (a) provided that William H. Mann represented and warranted that his execution of and compliance with the contract was not in violation of any statute or regulation of any governmental authority. Moreover, in paragraph 11 of the contract, William H. Mann warranted and represented that he had "full right, power and authority to sell, convey and transfer" title to the premises. Subsequently, but before the closing, the plaintiff became aware that because the condition of the 1983 subdivision waiver resolution concerning the accessory structures had not been complied with, the sale of the lot was illegal. The plaintiff promptly cancelled the contract and commenced this action, *inter alia,* to recover his down payment.

It is undisputed that at the time the plaintiff commenced this action, the condition of the subdivision waiver resolution pertaining to the accessory structures had not been complied with. The Supreme Court thus correctly determined that the defendant William H. Mann was in breach of paragraph 39 (a) of the contract. He was also in breach of paragraph 11 of the contract. However, the court improperly concluded that questions of fact existed concerning the issue of the plaintiff's possible anticipatory repudiation of the contract. Since there is no evidence that the Planning Board ever extended the one-year time limitation for complying with the waiver, it is clear that the breach was not curable by the closing date. Therefore, the subdivision was illegal and William H. Mann could not legally sell the lot which had been retained by Helen G. Mann (*see generally, Matter of D'Alessandro v Board of Zoning & Appeals,* 177 AD2d 694; *see also, Ilemar Corp. v Krochmal,* 44 NY2d 702).

Accordingly, the plaintiff was entitled to summary judgment on the cause of action to recover damages for breach of contract and for the return of his down payment. Bracken, J. P., Copertino, Santucci and Altman, JJ., concur.