■ In the Matter of PHOEBE AVENALL, by SUZANNE STANTON, as Guardian and Custodian of PHOEBE AVENALL, et al., Respondents, v RICHARD EHRLICKMAN et al., Appellants. [706 NYS2d 167] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Pomona, dated September 3, 1997, which, after a hearing, denied the petitioners' application to extend the time in which they could recommence a nonconforming use, but granted their application for alternative relief only to the extent of recommending that the Planning Board of the Village of Pomona approve the subdivision of the petitioner's property, the appeal is from a judgment of the Supreme Court, Rockland County (Bergerman, J.), dated December 7, 1998, which annulled the determination and granted the petition to extend the time in which to recommence the nonconforming use.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

Before the adoption of a zoning code for the Village of Pomona in or about 1968, the petitioners' property was improved with a two-family house and a three-family house on one lot. After its incorporation, the Village of Pomona adopted a zoning code which placed the petitioners' property in an area zoned for one-family houses. It is undisputed that the petitioners' use of the property before June 1995 was a legal prior nonconforming use.

The petitioners continued to use the property in this manner until June 1995, when the use ceased. Village of Pomona Zoning Code § 130-15 (5) provides, inter alia, that the right to use a property in accordance with a legal prior nonconforming use will cease if the nonconforming use ceases for any reason for six months within any 12-month period. Village of Pomona Zoning Code § 130-15 (5) also contains a provision permitting the Zoning Board of Appeals of the Village of Pomona (hereinafter the ZBA) to extend the time within which the nonconforming use can be resumed if certain conditions are met.

In July 1997, pursuant to the Zoning Code, the petitioners applied to the ZBA for an extension of time within which they could recommence using the property in accordance with the

prior nonconforming use. In that application, they requested, as alternative relief, permission to subdivide the property into two lots with single-family residences on each. The ZBA denied the extension but granted the petitioners' request for alternative relief only to the extent of recommending to the Planning Board that the proposed subdivision be granted. The petitioners then commenced this proceeding pursuant to CPLR article 78, seeking the relief they were initially denied. The Supreme Court granted the application. We reverse.

Contrary to the Supreme Court's determination, the ZBA properly exercised its discretion in denying the petitioners' application for an extension of time. The Zoning Code required that, in making its determination, the ZBA must consider, among other factors, the characteristics of the use, the investment made, the circumstances of discontinuance, and the suitability of the structure for the nonconforming use. The petitioners failed to present any evidence as to two out of four of these items, i.e., the costs of the investment made to convert the property, or the circumstances of the discontinuance of the prior nonconforming use. Under these circumstances, the determination of the ZBA to deny the application to extend the time was not arbitrary or capricious. Thus, it was error for the Supreme Court to overturn it (*see, Matter of Elwood Props. v Bohrer,* 216 AD2d 562).

In light of this determination we need not reach the parties' remaining contentions. S. Miller, J. P., Krausman, Florio and H. Miller, JJ., concur.