■ In the Matter of FALCO REALTY, INC., Appellant, v TOWN OF POUGHKEEPSIE ZONING BOARD OF APPEALS et al., Respondents. [835 NYS2d 398]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Poughkeepsie Board of Zoning Appeals dated August 8, 2005, which, after a hearing, determined that a proposed facility was a permitted recycling business and not a prohibited dump, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Dolan, J.), dated January 3, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In January 2004 David Dyal applied to the Planning Board of the Town of Poughkeepsie (hereinafter the Planning Board) for site plan and subdivision approval in connection with his plans to build a construction and demolition debris processing facility in the Town. On February 24, 2005 Dyal applied to the Town of Poughkeepsie Zoning Board of Appeals (hereinafter the ZBA), for a special use permit in connection with the proposed facility. In response to a subsequent request for interpretation made by certain Dutchess County departments and agencies, made in connection with those applications, the Town Zoning Administrator determined, inter alia, that the proposed facility was not a prohibited dump, and that the principal use sought for the land was as a recycling business, a use allowed in the relevant I-H zoning district subject to issuance of a special use permit by the ZBA and site plan approval by the Planning Board. On administrative appeal, and after a hearing, the ZBA, inter alia, affirmed the Town Zoning Administrator's determination that the proposed facility was a recycling business and not a prohibited dump. The petitioner, a neighboring property owner,

commenced this proceeding to review that portion of the ZBA's determination. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals and we affirm.

"[A] zoning board's interpretation of its zoning ordinance is entitled to great deference . . . and judicial review is generally limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion" (*Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y.,* 30 AD3d 515 [2006]; *see* CPLR 7803 [3]; *Matter of Cowan v Kern,* 41 NY2d 591, 599 [1977]; *Matter of Halperin v City of New Rochelle,* 24 AD3d 768, 770 [2005]).

Section 210-84 (G) of the Town of Poughkeepsie Zoning Code (hereinafter the Zoning Code) prohibits the use of land within any district for a dump not operated or controlled by the Town. "Dump" is defined as "[l]and used for the disposal by abandonment, burial, burning or any other means and for whatever purpose of garbage, sewage, trash, refuse, junk, discarded machinery, vehicles or parts thereof or waste material of any kind" (Zoning Code § 210-5).

The ZBA interpreted the Zoning Code to include only such facilities intended to perpetually store garbage. Zoning codes and ordinances must be construed according to the words used in their ordinary meaning. Additionally, they must be strictly construed against the municipality and in favor of the owner of the subject property (*see Matter of Baker v Town of Islip Zoning Bd. of Appeals,* 20 AD3d 522, 523 [2005]). "Disposal" is not defined in the Zoning Code. Thus, an interpretation that the term embraces only a final disposal of garbage and similar material is not unreasonable. The materials to be brought to the proposed facility will not be finally disposed of at the facility, but "must ultimately be recycled or be disposed of at a solid waste management facility" (6 NYCRR 360-16.4 [b] [3]). Accordingly, the ZBA's determination that the proposed construction and demolition debris processing facility was not prohibited by the Zoning Code was rational and should not be disturbed.

Further, in light of the affidavit submitted by David Dyal, in which he affirmed that much of the material to be received at the proposed facility will be processed or resold, the ZBA rationally determined that the proposed facility fit within the definition of a "recycling business" as set forth in the Zoning Code (Zoning Code § 210-5).

The petitioner's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Crane, J.P., Krausman, Goldstein and Dillon, JJ., concur.