■ In the Matter of ADAM CONTI et al., Appellants, v ZONING BOARD OF APPEALS OF VILLAGE OF ARDSLEY et al., Respondents. [861 NYS2d 140]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Ardsley dated April 27, 2005, which, after a hearing, in effect, granted the application of Henry Groth and Kathryn Groth for an interpretation of the Code of the Village of Ardsley § 200-82 (D) so as to permit them to develop, as a matter of right, certain substandard lots, the petitioners appeal from a judgment of the Supreme Court, Westchester County (R. Bellantoni, J.), entered January 8, 2007, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, and the determination is annulled.

In 1954 Henry Groth and Kathryn Groth purchased, from the Town of Greenburgh, four laterally contiguous lots, each of which had 50 feet of street frontage. The lots are located in a one-family residential "R-3" district in the Village of Ardsley. The 50-foot frontage of the lots became nonconforming in 2003, when the lot-area zoning provision of the Code of the Village of Ardsley (hereinafter the Village Code) set the minimum street frontage at 60 feet (see Village Code § 200-24). Village Code § 200-82 (D) provides, however, that "[n]otwithstanding the limitations imposed by any other provisions of this chapter, the Zoning Board of Appeals shall permit erection of a dwelling on any lot in a residential district separately owned or under contract of sale and containing, *at the time of the passage of this chapter*, an area or width smaller than that required for a one-family dwelling" (emphasis added). In all material respects, the latter provision is identical to a provision contained in the Village's first zoning ordinance, which was adopted in 1959 (see Village Code ch 200), long before the enactment of the 2003 amendment to Village Code § 200-24 that rendered the street frontage of the subject lots nonconforming.

In February 2005 the Groths applied to the Village's Zoning Board of Appeals (hereinafter the Board) for an interpretation of Village Code § 200-82 (D) that would permit them to develop the subject lots as a matter of right, despite their substandard street frontage. Among other things, this required an interpretation of the phrase "at the time of the passage of this chapter" to mean 2003, rather than 1959, when the provision was first enacted. Following a hearing, in a determination dated April 27, 2005, the Board, in effect, granted the Groths' application. The petitioners, owners of property adjoining the Groths' lots, then

commenced this proceeding pursuant to CPLR article 78 to review the determination. The Supreme Court denied the petition and, in effect, dismissed the proceeding. We reverse.

Under a zoning ordinance which authorizes interpretation of its requirements by a board of appeals, such as Village Code § 200-97(A), specific application of a term of the ordinance to a particular property is governed by that body's interpretation, unless unreasonable or irrational (*see Matter of Frishman v Schmidt*, 61 NY2d 823, 825 [1984]; *Town of Huntington v Five Towns Coll. Real Prop. Trust*, 293 AD2d 467, 468 [2002]). However, where the question is one of pure legal interpretation of statutory terms, deference to that body's interpretation is not required (*see Matter of Toys "R" Us v Silva*, 89 NY2d 411, 419 [1996]; *Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y.*, 30 AD3d 515, 515-516 [2006]). Furthermore, "a determination by the agency that runs counter to the clear wording of a statutory provision is given little weight" (*Matter of Excellus Health Plan v Serio*, 2 NY3d 166, 171 [2004] [internal quotation marks and citation omitted]).

Here, the "clear wording" of Village Code § 200-82 (D) unambiguously states that the Board shall permit erection of a dwelling on a separately-owned lot in a residential district, which lot is substandard "at the time of the passage of this chapter." The relevant chapter was enacted in 1959. Nothing in the language of the provision indicates an intent to provide an exemption, as a matter of right, from the requirements imposed by any future amendments to the zoning chapter (*cf. Matter of Mecca v Kern*, 193 AD2d 746, 747 [1993], citing Zoning Code of Town of Smithtown § 322-74 [D] [1] [2]; 1 Salkin, New York Zoning Law and Practice § 7:41, at 7-85 [4th ed], citing Zoning Rules and Regulations, City of Syracuse, art 2, § II [1992]). Each of the Groths' lots conformed to the zoning requirements of the Village Code until the 2003 amendment. Thus, the Board's determination that Village Code § 200-82 (D) applied to the Groths' property was contrary to the clear wording of the provision.

In light of the foregoing, we need not address the petitioners' remaining contentions. Rivera, J.P., Ritter, Miller and Balkin, JJ., concur.