■ In the Matter of KIM KENNEDY, Appellant, v ZONING BOARD OF APPEALS OF VILLAGE OF PATCHOGUE et al., Respondents. [868 NYS2d 309]—

On or about November 3, 2004 the respondent Chris Peppard (hereinafter Peppard) was granted a frontage variance by the respondent Zoning Board of Appeals of Village of Patchogue (hereinafter the ZBA) in relation to his construction of a single-

family dwelling. The ZBA directed Peppard to comply with Zoning Code of Village of Patchogue § 93-51 (A), which required the "improvement, construction or alteration" that was the subject of the variance to be "substantially commenced" within one year after the variance was granted. On or about February 15, 2005 Peppard obtained site plan approval for the planned construction. Thereafter, Peppard applied, on or about March 10, 2005, for a "permit to construct a water supply and sewage disposal system." Peppard received a building permit in August 2005. He received renewals for the building permit expiring on January 25, 2007. Site clearing began in June of 2006.

On or about August 24, 2006 the petitioner, who was Peppard's neighbor, applied to the ZBA requesting, inter alia, that it stay all further issuances of permit renewals on the ground that the variance previously granted to Peppard had, in effect, expired because he did not comply with Zoning Code of Village of Patchogue § 93-51 (A) (hereinafter the zoning code provision). After a hearing, the ZBA interpreted the zoning code provision to mean that, "at a minimum, an applicant must obtain a Building Permit within the one year period after it grants its approval in order to satisfy the 'substantially commenced' requirement." The ZBA determined that Peppard complied with the zoning code provision because he obtained a building permit in August 2005, within one year after he was granted the frontage variance on or about November 3, 2004. The petitioner commenced this proceeding to review the ZBA's determination. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals and we affirm.

Under a zoning ordinance which authorizes interpretation of its requirements by a board of appeals, such as Village of Patchogue Code § 93-47 (B), specific application of a term of the ordinance to a particular property is governed by that body's interpretation, unless unreasonable or irrational (*see Matter of Frishman v Schmidt,* 61 NY2d 823, 825-826 [1984]; *Matter of Conti v Zoning Bd. of Appeals of Vil. of Ardsley,* 53 AD3d 545 [2008]). Additionally, "judicial review is generally limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion" (*Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y.,* 30 AD3d 515, 515 [2006]; *see Matter of Falco Realty, Inc. v Town of Poughkeepsie Zoning Bd. of Appeals,* 40 AD3d 635 [2007]; *Matter of Ferraris v Zoning Bd. of Appeals of Vil. of Southampton,* 7 AD3d 710 [2004]).

Here, the ZBA's interpretation of the zoning code provision was reasonable and rational, and the ZBA's determination that Peppard complied with the zoning code provision was not ille-

gal, arbitrary and capricious, or an abuse of discretion (*see Matter of Falco Realty, Inc. v Town of Poughkeepsie Zoning Bd. of Appeals,* 40 AD3d at 635). Skelos, J.P., Lifson, Santucci and Balkin, JJ., concur.