In the Matter of 1215 NORTHERN BOULEVARD, LLC, Appellant, v BOARD OF ZONING APPEALS OF TOWN OF NORTH HEMPSTEAD, Respondent. [881 NYS2d 167]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of North Hempstead dated June 6, 2007, which, after a hearing, denied the petitioner's application for conditional use permits and area variances, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Iannacci, J.), entered September 29, 2008, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner applied for a permit to demolish an existing building and use the parcel for off-street employee parking. The Town of North Hempstead Department of Building Safety, Inspection & Enforcement denied the application and informed

the petitioner that the intended use required conditional use permits and area variances. The petitioner submitted an application for the conditional use permits and area variances to the Board of Zoning Appeals of the Town of North Hempstead (hereinafter the BZA). The application ultimately was denied because the BZA interpreted the Code of the Town of North Hempstead (hereinafter the Town Code) as requiring a use variance, not conditional use permits, for the petitioner's intended use. In this ensuing proceeding pursuant to CPLR article 78, the Supreme Court determined that the BZA's denial of the application was proper and, in effect, denied the petition and dismissed the proceeding. We affirm.

"Under a zoning ordinance which authorizes interpretation of its requirements by the board of appeals, specific application of a term of the ordinance to a particular property is . . . governed by the board's interpretation, unless unreasonable or irrational" (*Matter of Frishman v Schmidt*, 61 NY2d 823, 825 [1984]; *see Matter of Kennedy v Zoning Bd. of Appeals of Vil. of Patchogue*, 57 AD3d 546 [2008]; *Matter of Conti v Zoning Bd. of Appeals of Vil. of Ardsley*, 53 AD3d 545, 547 [2008]). Here, the BZA's determination that the petitioner's proposed use of the premises as an employee parking lot for its nearby business did not constitute "[p]arking space for the parking, storage *and* sale of automobiles" (Town Code § 70-126 [D] [emphasis supplied]) was neither unreasonable nor irrational. There is no merit to the petitioner's argument that the use of the word "and" by the drafters of the relevant Town Code provision must properly be interpreted to mean "or." Spolzino, J.P., Angiolillo, Chambers and Hall, JJ., concur.