■ In the Matter of BIRCH TREE PARTNERS, LLC, Appellant, v TOWN OF EAST HAMPTON et al., Respondents. [910 NYS2d 178]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Architectural Review Board of the Town of East Hampton dated December 22, 2008, which, after a hearing, granted the application of Windsor Digital Studio, LLC, for a permit to construct a fence, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Costello, J.), entered September 25, 2009, which, upon a decision of the same court dated July 21, 2009, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner commenced this proceeding to review a deter-

mination of the Architectural Review Board of the Town of East Hampton (hereinafter the ARB) dated December 22, 2008, which granted the application of Windsor Digital Studio, LLC, for approval of a fence to be constructed along the common side yard boundary line between its property and the petitioner's property. Judicial review of the ARB's determination is limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y.*, 30 AD3d 515, 515 [2006]; *Matter of 1215 N. Blvd., LLC v Board of Zoning Appeals of Town of N. Hempstead*, 63 AD3d 1071, 1072 [2009]; *Matter of Conti v Zoning Bd. of Appeals of Vil. of Ardsley*, 53 AD3d 545, 547 [2008]). "In applying the arbitrary and capricious standard, a court inquires whether the determination under review had a rational basis. Under this standard, a determination should not be disturbed unless the record shows that the agency's action was arbitrary, unreasonable, irrational or indicative of bad faith" (*Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 770 [2005] [internal quotation marks omitted]). Here, the ARB fulfilled its obligations to ensure that the proposed fence was designed in a manner which was of "harmonious character" based upon the applicable provisions of the Zoning Code of the Town of East Hampton (Town of East Hampton Zoning Code § 255-7-60 [2]; § 255-7-10). Consequently, the ARB's determination was not illegal, arbitrary and capricious, or an abuse of discretion.

The petitioner's remaining contentions are without merit. Fisher, J.P., Dillon, Florio and Lott, JJ., concur.