■ In the Matter of BERNARD PUTTER, Appellant, v ZONING BOARD OF APPEALS OF VILLAGE OF SOUTH NYACK et al., Respondents. [956 NYS2d 541]—

The petitioner was issued a building permit in 1999 to construct a single-family dwelling on property located in the Village of South Nyack. When the petitioner sought renewal of the building permit in late 2009, the Building Inspector, Village of South Nyack (hereinafter the Building Inspector), denied the application on the basis that the "as-built" construction on the property deviated from the site plan approved in 1999 by the Village of South Nyack Planning Board (hereinafter the Planning Board) in certain respects. The Building Inspector instructed the petitioner that he must either conform the property to the 1999 approved site plan, or seek a variance. The petitioner simultaneously filed an appeal from the denial of his application and a request for an area variance with the Zoning Board of Appeals of the Village of South Nyack (hereinafter the ZBA). After conducting a public hearing over two days in April and May 2010, the ZBA, inter alia, upheld the Building Inspector's denial of the petitioner's application to renew his building permit on the ground that the initial building permit issued in 1999 expired no later than 30 months after the issu-

ance of the permit and could not be renewed further. The ZBA also declined to make a determination with regard to the petitioner's request for an area variance, noting that, pursuant to the Local Law of the Village of South Nyack (hereinafter Local Law), such a request must be referred to the Planning Board for an advisory opinion before the ZBA may act.

The petitioner commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination with regard to the renewal of the building permit and to challenge the ZBA's referral of his request for an area variance to the Planning Board. The Supreme Court denied the petition and dismissed the proceeding.

Where a zoning board of appeals is granted the authority under a zoning ordinance to interpret the zoning ordinance's requirements, such as in this case (see Local Law § 110-13.2 [A]), "a zoning board's interpretation of its zoning ordinance is entitled to great deference . . . and judicial review is generally limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion" (*Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y.*, 30 AD3d 515, 515 [2006]; *see Matter of Henderson v Zoning Bd. of Appeals*, 72 AD3d 684, 686 [2010]; *Matter of 1215 N. Blvd., LLC v Board of Zoning Appeals of Town of N. Hempstead*, 63 AD3d 1071, 1072 [2009]). Here, pursuant to Local Law § 110-12.1 (G), the building permit issued to the petitioner in August 1999 expired no later than February 2002 and, thereafter, could not be renewed further. The ZBA's interpretation of the zoning code provision governing the expiration of building permits was reasonable, not arbitrary and capricious, and rational. Accordingly, the ZBA's determination to uphold the Building Inspector's denial of the petitioner's application to renew the building permit was not illegal, not arbitrary and capricious, and not an abuse of discretion.

Moreover, Local Law §§ 110-13.3 (A) and 110-14.5 explicitly direct the ZBA not to move forward on its review of an area variance application until the petitioner has appeared before the Planning Board and the Planning Board is afforded the opportunity to issue an advisory opinion to the ZBA as to the request. Therefore, the petitioner's contention that the ZBA improperly declined to act on his application for an area variance also is without merit.

In light of our determination, we need not reach the petitioner's remaining contentions. Eng, P.J., Angiolillo, Sgroi and Hinds-Radix, JJ., concur.