OPINION OF THE COURT
Richard Velasquez, J.
After oral argument and a review of the submissions herein, the court finds as follows:
Petitioner moves the court for a judgment pursuant to CPLR article 78 ordering respondents to cause the New York City Fire Department Pension Fund (FDPF), subchapter 2, to pay surviving spouse pension benefits to petitioner pursuant to Administrative Code of the City of New York § 13-347 (c) (1), commencing as of August 21, 2012, with interest for past due amounts.
Background
Petitioner Sheneque Jackson Tirado and her late husband, Hector Tirado, were married in January 1989, and had five children of the marriage. They also adopted Hector Tirado’s three younger siblings. Hector Tirado was killed on September 11, 2001, in the line of duty as a firefighter during the attacks on the World Trade Center. Shortly after Hector Tirado’s death, petitioner (as set forth in her verified petition) learned for the first time that her husband had obtained a default judgment of divorce against her, as she and her late husband were separated sometime before and at the time of his death. Petitioner was never served with the complaint or any papers from the divorce action and thus had no knowledge of such action. Nor did the default judgment of divorce contain any provisions regarding maintenance, health care coverage, or other benefits that would have otherwise been part of a fully litigated divorce judgment or settlement.
In April 2002, petitioner filed a motion in New York Supreme Court to vacate the divorce judgment. The motion was transferred to Bronx County Surrogate’s Court where proceedings regarding Hector Tirado’s estate were pending. In August 2003, petitioner and Hector Tirado’s younger brother reached an agreement to settle various disputes regarding Mr. Tirado’s estate. It provided that petitioner would give to her minor chil *692 dren any pension benefits she received from the New York City Fire Department Pension Fund as Mr. Tirado’s surviving spouse. The agreement further provided that when the minor children reached the age in which they would no longer be eligible to receive pension benefits as set forth in Administrative Code § 13-347 (c) (2) (18 years of age or 23 if in school), petitioner, as Mr. Tirado’s surviving spouse, would retain any remaining pension benefits until her death, as provided in Administrative Code § 13-347 (c) (1).
On the 26th day of August 2005 the Surrogate’s Court of Bronx County issued a decree vacating the judgment of divorce. Prior to the decree vacating the divorce, petitioner and her brother-in-law, Angel Tirado, entered into an agreement setting forth the intention of both parties to reach a fair and just resolution as to the pension benefits for all parties, and certainly the children of the marriage, as well as the adopted siblings of Hector Tirado. As all of the children including the adopted siblings have now reached the age of 18 years, and none are attending college, the agreement is now moot. It does, however, indicate that Angel Tirado, as Hector Tirado’s surviving brother, intended for petitioner to be considered Hector Tirado’s surviving spouse for the purposes of the pension benefits.
On August 1, 2012, by letter written to Mary Basso, Director of FDNY Bureau of Pensions, attorney Josh Hafetz of the law firm of Davis Polk requested that petitioner begin receiving pension benefits from her late husband, Hector Tirado’s, pension plan. On August 14, 2012, Mr. Hafetz wrote to Keith Snow, City of New York Law Department, advising that petitioner, as a matter of law, is the widow of Hector Tirado and as such is entitled to FDNY pension benefits as Mr. Tirado’s surviving spouse under the New York City Administrative Code, and requesting that such benefits be provided to her as surviving spouse. Finally, on September 5, 2012, Mr. Hafetz wrote to Douglas H. White, Deputy Commissioner of FDNY, stating that
“[w]e understand that this matter may currently be before the Board of trustees of the New York Fire Department Pension Fund (the ‘Board’) and may have been considered at the Board’s August 2012 meeting. If this is so, we hereby request that a final written determination of Ms. Jackson Tirado’s claim be sent to us as soon as possible.”
By letter dated October 2, 2012, Douglas H. White denied petitioner’s claim as follows:
*693 “It is our understanding that subsequent to FF Tirado’s death, Ms. Jackson, without the FDPF’s participation, commenced a proceeding to annul the default divorce that FF Tirado obtained against Ms. Jackson. According to an Order and Decree dated August 26, 2005, the Surrogate of the County of Bronx, based upon an agreement between Ms. Jackson and Angel Tirado, FF Tirado’s son who had been granted temporary letters of administration, granted the petition and posthumously annulled the divorce. According to your letters, you believe that based upon this annulment, Ms. Jackson should be entitled to FF Tirado’s death benefits after payment to his children have ceased.
“However, pursuant to NYC Admin. Code § 13-347 (c), the death benefit is by statute a mutually exclusive benefit. Therefore, the benefit is to be paid either to a surviving spouse or, if no surviving spouse, to the deceased’s minor children. In the case of FF Tirado, the FDPF determined that the benefit was payable to his children and accordingly paid that benefit in 2003 pursuant to NYC Admin. Code § 13-347 (c) (2). As of August 2012, when the last of FF Tirado’s children reached age eighteen (none are currently full-time students), no further benefits are payable. Therefore, not withstanding [sic] any subsequent court action taken pursuant to an agreement between one of FF Tirado’s children and Ms. Jackson, the statutory benefits have been paid in full and do not revert to Ms. Jackson.”
CPLR 7803 — Standard of Review
Petitioner was not afforded a hearing, and thus there was no sworn testimony nor admissible evidence to be evaluated by a hearing officer in making the determination that “the statutory benefits have been paid in full and do not revert to Ms. Jackson.” Instead, the decision at issue was made by Douglas H. White, Deputy Commissioner of FDNY, acting on behalf of the Fire Department Pension Fund. Therefore, the applicable standard of review is that found at CPLR 7803.
In reviewing the FDPF’s determination — one that was made without a hearing — “the issue is whether the action taken [to deny petitioner ‘surviving spouse’ benefits] had a ‘rational basis’ and was not ‘arbitrary and capricious.’ ” (Matter of Wooley v New York State Dept. of Correctional Servs., 15 NY3d 275, 280 [2010].) “An action is arbitrary and capricious when it is taken *694 without sound basis in reason or regard to the facts.” (Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009].) In applying the arbitrary and capricious standard of review, a court inquires whether the determination under review had a rational basis; under this standard, a “determination should not be disturbed unless the record shows that the agency’s action was arbitrary, unreasonable, irrational or indicative of bad faith.” (Matter of Rendely v Town of Huntington, 44 AD3d 864, 865 [2d Dept 2007]; see also Matter of Birch Tree Partners, LLC v Town of E. Hampton, 78 AD3d 693 [2d Dept 2010].) In an article 78 proceeding, this court’s inquiry is limited strictly to a determination of whether a rational basis exists for the agency’s decision. (Matter of Jennings v New York State Off. of Mental Health, 90 NY2d 227 [1997].)
Respondents’ Opposition
Respondents did not submit an “Affirmation in Opposition.” Instead, respondents submitted a letter written by Douglas H. White, Deputy Commissioner for Administration of the City of New York Fire Department, which apparently constitutes the FDPF’s final decision denying petitioner “surviving spouse” benefits. Respondents, however, submitted a memorandum of law in opposition to the verified petition stating that Mr. White’s letter was the final decision.
Respondent White’s first argument is that Administrative Code § 13-347 (c) as set forth in his final decision “letter” provides that the “death benefit is by statute a mutually exclusive benefit. Therefore, the benefit is to be paid either to a surviving spouse or, if no surviving spouse, to the deceased’s minor children.” Neither Mr. White’s letter nor respondents’ memorandum of law offer any legal support for this interpretation of Administrative Code § 13-347. Nor is any legislative history of this section of the Code provided which would reasonably support this interpretation. This interpretation of the Code is Mr. White’s own interpretation, and after an exhaustive search by the court, no legal support for this position can be found. Neither has counsel for respondents offered any legal support for respondent White’s contention. In fact, the only reference to Mr. White’s contention that the “death benefit is by statute a mutually exclusive benefit” was a verbatim quotation of Administrative Code § 13-347 (c) by respondents’ counsel in its memorandum of law, without any citations to case law, or legal interpretations of the Code that would support Mr. White’s interpretation.
*695 This interpretation is contrary to the Code’s provisions. The plain language of the Code states that payments to the surviving spouse and to the surviving children will not be made at the same time. Clearly, there is no danger of this in the instant matter, as all eight of the children, both biological and adopted, are over the age of 18, and none are enrolled in college or university. The Code specifically grants that benefits be paid to the “deceased member’s surviving spouse, to continue until the death of the surviving spouse ... If there be no surviving spouse . . . then to his or her child or children under such age.” (Administrative Code § 13-347 [c] [1], [2].) Nowhere in the Code is there any requirement that an election must be made, and either the surviving spouse or the surviving children under the age of 18 receive these benefits.
Here, petitioner was the “surviving spouse” when she first applied for FF Tirado’s pension benefits, as the judgment of divorce against her was later vacated. Upon the vacatur, the effect was to cause petitioner to be a “surviving spouse.” As the surviving children were receiving benefits instead of petitioner at the time when the judgment of divorce was vacated, petitioner waited until the last child surviving FF Tirado’s death had reached the age of 18. When this event occurred and there was no question as to her legal status as “surviving spouse,” petitioner applied for said benefits.
Deputy Commissioner White contended in his decision that “[a]s of August 2012, when the last of FF Tirado’s children reached age eighteen ... , no further benefits are payable.” Further, he found that there was no pension fund payment due the surviving spouse as the children had received all benefits due. Significantly, respondents have produced no proof that the total amount received by the children would somehow constitute the entire amount available to pay to the surviving spouse, and therefore “the statutory benefits have been paid in full and do not revert to Ms. Jackson.” Accordingly, the court finds this ground for denying petitioner “surviving spouse” benefits to be irrational, arbitrary and capricious, and an abuse of discretion and contrary to law.
Further, Mr. White apparently failed to consider the fact that the divorce was upon default as petitioner received no summons and complaint or a final judgment of divorce according to petitioner’s verified petition. Respondents made no attempt to rebut petitioner’s claim that the divorce was granted upon default. Respondents also failed to consider that after the *696 judgment of divorce was vacated, the effect was as though petitioner had never been divorced. Thus, by law petitioner is the surviving spouse of FF Hector Tirado and was when she first applied for FF Tirado’s pension benefits even though a legal obstacle existed. The order vacating the judgment of divorce by the Bronx Surrogate’s Court is a binding legal order. Respondents cannot simply ignore the order on the ground that “[fit is our understanding that subsequent to FF Tirado’s death, Ms. Jackson, without the FDPF’s participation, commenced a proceeding to annul the default divorce that FF Tirado obtained against Ms. Jackson.” Respondents were not a necessary third party in an action to vacate a default divorce obtained by FF Tirado, and therefore this cannot be a ground to deny petitioner’s claim to be the surviving spouse of FF Tirado. This contention by respondents is without merit.
Further, Mr. White may have acted in “bad faith” by denying Ms. Tirado “surviving spouse” benefits. Mr. White’s decision contains references to “Ms. Jackson,” not “Ms. Tirado.” There is no language in the divorce decree which provides that Ms. Tirado may/will henceforth be known as “Jackson.” Mr. White seems to have determined that petitioner’s name should be “Jackson” even though “Jackson” appears nowhere in any of the papers from petitioner, thus creating an inference of improper motivation or “bad faith” in denying petitioner “survivors benefits” in 2012. Petitioner is “Sheneque Tirado” and “Sheneque Jackson Tirado” in the order vacating the judgment of divorce against her, and in the instant petition. Unless there is some reasonable explanation for Mr. White referring to petitioner as “Jackson,” an inference of bad faith on the part of respondents exists. It appears to the court that the use of the name “Jackson” which petitioner does not use, and the fact that respondents claim they were a necessary party to petitioner’s action to vacate the judgment of divorce may demonstrate bias against petitioner.
Respondents also allege that petitioner cannot claim that respondents acted arbitrarily and capriciously by denying pension benefits to her in 2001. As far as this court can determine, petitioner has made no such claim in her petition. Accordingly this contention has no merit.
Respondents also claim that petitioner waited until the FDPF made all of the statutorily required payments to FF Tirado’s children before bringing the vacatur to the attention of the FDPF. Yet, pursuant to an affirmation submitted in sup *697 port of petitioner’s claim, petitioner’s former attorney, John B. Gaffney, states that he recalls informing Albert Conolly, a representative of the FDPF, of the vacatur of the judgment of divorce shortly after entry of the vacatur order in August 2005. He also recalls informing him about the agreement between petitioner and Hector’s minor children regarding petitioner’s surviving spouse benefits. Again, this contention is without merit.
Respondents have failed to demonstrate in any manner how FDPF would be harmed by paying petitioner’s survivor benefits to which she is entitled to receive until her death. Further, no calculations have been provided to the court to demonstrate how much would have been paid to petitioner from the date of FF Tirado’s death until today, and how much the minor children have been paid from FF Tirado’s pension benefits until their majority. The reason petitioner was not found eligible at the time she first applied was because of the default judgment of divorce entered against her. She is now and in effect was when she first applied for FF Tirado’s pension benefits, a surviving spouse. As a surviving spouse, she is entitled to receive benefits for the rest of her life. FDPF has not demonstrated by any evidence or by law that petitioner should not now be considered a “surviving spouse,” and entitled to FF Tirado’s pension benefits.
Conclusion
The case of Calzaretta v Mulrain (131 NYS2d 76 [Sup Ct, NY County 1954]) is strikingly similar to the one at bar. There the court found that where a retired city employee’s widow, whom the employee had married after his retirement, was denied “widow’s pension” by the treasurer of the pension fund, solely upon the ground that the employee was retired at the time of his marriage, even though his death occurred 10 years after marriage, the denial was an abuse of discretion as a matter of law, and arbitrary and capricious. Respondent contended in his answer to petitioner’s article 78 proceeding that “Respondent refused to grant petitioner a widow’s pension, in the lawful exercise of his discretion” and that such refusal was a “complete” defense. (Id. at 77.)
The Calzaretta court found that “[t]his conclusory allegation is not supported by any allegations of fact; there is just the bare statement, and the so-called ‘complete’ defense is but a statement of a legal conclusion.” (Id.) Like the Calzaretta court, *698 this court finds that the final decision issued by Deputy Commissioner White contains a conclusory allegation that petitioner is not eligible to receive “surviving spouse” pension benefits from FF Tirado’s account because the children have been awarded all benefits due from said account. This conclusory allegation is likewise not supported by any “facts” and is a bare statement of a legal conclusion which contains no support under the law. Respondent White’s “final decision” is the essence of an administrative agency decision that is arbitrary, capricious, an abuse of discretion, irrational and also creates an inference of bad faith.
As the court in Calzaretta acted, so will this court. Deputy Commissioner White’s final decision is hereby annulled. It is hereby ordered that the respondent FDPF is to award petitioner a widow’s pension calculated in accordance with the relevant regulations and/or statutes and effective as of August 20, 2012 along with any interest that is due.