Matter of Gray v Village of Patchogue (2018 NY Slip Op 05677)





Matter of Gray v Village of Patchogue


2018 NY Slip Op 05677


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2016-01973
 (Index No. 19645/14)

[*1]In the Matter Janice M. Gray, petitioner-respondent,
v
Village of Patchogue, respondent, Village of Patchogue Zoning Board of Appeals, appellant.


Ernest R. Maler, Jr. Patchogue, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, the Village of Patchogue Zoning Board of Appeals appeals from a judgment of the Supreme Court, Suffolk County (Andrew G. Tarantino, Jr., J.), dated December 11, 2015. The judgment granted the petition and remitted the matter to the appellant with a direction to grant the petitioner's application for a use variance.
ORDERED that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed on the merits.
The petitioner filed an application with the Village of Patchogue for a use variance that would allow her to convert her two-car garage into living space as an accessory apartment for her elderly mother. Following a hearing, the appellant, the Village of Patchogue Zoning Board of Appeals (hereinafter the ZBA), denied the application, noting that the Village's General Code did not permit accessory apartments in the petitioner's zoning district and that the petitioner had not satisfied the requirements for a use variance pursuant to Village Law § 7-712-b(2). The petitioner commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination. The Supreme Court granted the petition and remitted the matter to the ZBA with a direction to grant the application for a use variance. Based on a ZBA member's comment at a hearing on the application that "[n]ot many [such applications] have been granted at all," the court found that the ZBA had granted such previous applications and that administrative due process prohibited inconsistent treatment of similarly situated parties. The ZBA appeals.
To obtain a use variance, an applicant must demonstrate to the zoning board of appeals that "applicable zoning regulations and restrictions have caused unnecessary hardship" (Village Law § 7-712-b[2][b]). This imposes a "heavy burden" on the applicant (Matter of Colin Realty Co., LLC v Town of N. Hempstead, 24 NY3d 96, 102), who is required to establish: "[F]or each and every permitted use under the zoning regulations for the particular district where the property is located, (1) the applicant cannot realize a reasonable return, provided that lack of return is substantial as demonstrated by competent financial evidence; (2) that the alleged hardship relating to the property in question is unique, and does not apply to a substantial portion of the district or neighborhood; (3) that the requested use variance, if granted, will not alter the essential character of the neighborhood; and (4) that the alleged hardship has not been self-created" (Village Law § 7-712-b[2][b]).
"Under a zoning ordinance which authorizes interpretation of its requirements by a board of appeals, such as Village of Patchogue Code § 93-47(B), specific application of a term of the ordinance to a particular property is governed by that body's interpretation, unless unreasonable or irrational . . . [J]udicial review is generally limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion" (Matter of Kennedy v Zoning Bd. of Appeals of Vil. of Patchogue, 57 AD3d 546, 547 [internal quotation marks omitted]).
The petitioner failed to make the requisite showing of "unnecessary hardship" for a use variance (see Matter of DePaola v Zoning Bd. of Appeals of Vil. of Dobbs Ferry, 226 AD2d 371, 373). Additionally, there is no evidence that the ZBA failed to adhere to any prior precedent of granting use variance applications in similar situations (see generally Matter of Fortunato v Town of Hempstead Bd. of Appeals, 134 AD3d 825, 826). Accordingly, the ZBA determination had a rational basis, was not arbitrary and capricious, and was supported by substantial evidence. Therefore, the Supreme Court should have denied the petition.
SCHEINKMAN, P.J., BALKIN, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court